In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00090-CR
_____

MICHAEL WAYNE BOHANNAN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 435th District Court
Montgomery County, Texas
Trial Cause No. 12-10-10953 CR

MEMORANDUM OPINION

Michael Wayne Bohannan, appellant, was indicted for the offense of violating the terms of his civil commitment as a sexually violent predator. *See* Tex. Health & Safety Code Ann. § 841.085 (West 2010). For enhancement purposes, the indictment included allegations of three prior felony convictions. *See* Tex. Penal Code Ann. § 12.42(d) (West 2011). Bohannan entered a plea of not guilty. The jury found him guilty as charged, found the enhancement paragraphs of the indictment to be true, and assessed his punishment at imprisonment for life.

1

Bohannan filed a notice of appeal. All of Bohannan's points of error in his appeal relate to the effect of the reversal of the judgment in the civil commitment case on the prosecution of the criminal case.

<u>Issues on Appeal</u>

Bohannan raises six issues that he phrases as follows:

1. "The Trial Court erred in denying the Motion to Quash and proceeding to trial when the underlying civil judgment had been reversed and remanded by the Court of Appeals and that reversal had been upheld by the Supreme Court."

2. "The Trial Court erred as to the mistake of law defense by denying the Motion to Quash and by granting the State's Motion in Limine."

3. "The Trial Court erred in denying [Bohannan's] Motions for Continuance for the purpose of obtaining business records from the electronic monitoring vendor."

4. "The Trial Court erred in denying [Bohannan's] requests for the appointment of an Electronics Expert, Computer Expert, and Investigator and numerous other pro se motions."

5. "The Trial Court erred in denying [Bohannan] his right to self-representation and his motion regarding double jeopardy."

6. "The Trial Court erred in denying [Bohannan's] habeas request in proceeding to trial after the underlying civil commitment had been overturned. The legality of Appellant's continued incarceration should be reviewed by the Court of Criminal Appeals as a collateral review."

<u>Underlying Facts</u>

On January 22, 2009, a jury found beyond a reasonable doubt that Bohannan is a sexually violent predator. *See* Tex. Health & Safety Code Ann. § 841.062

2

(West 2010). Accordingly, the trial court signed a judgment of civil commitment requiring Bohannan to be subject to outpatient treatment and supervision under the provisions of Chapter 841 of the Health and Safety Code (SVP commitment). *See* Tex. Health & Safety Code Ann. § 841.081 (West 2010). Bohannan was transferred to the supervision of the Council on Sex Offender Treatment, now known as the Office of Violent Sex Offender Management. *See id*.; *see also* Tex. Health & Safety Code Ann. § 841.002(4) (West Supp. 2014). Under the terms of the SVP commitment order, Bohannon was required to reside in a residential facility, comply with the terms the Council (now OVSOM) and case manager provided to him, and wear a GPS monitor and be subject to monitoring 24 hours a day. Bohannan filed a notice of appeal to this Court, challenging his SVP commitment, arguing among other points that the trial court erred in excluding Bohannan's expert from testifying at the trial.

On July 22, 2010, this Court concluded that the trial court erred in excluding a defense witness and reversed and remanded the SVP case for a new trial. *See In re Commitment of Bohannan*, 379 S.W.3d 293, 300 (Tex. App.—Beaumont 2010), *aff'd*, 388 S.W.3d 296 (Tex. 2012), *cert. denied*, 133 S.Ct. 2746 (2013). The State sought review of this Court's reversal from the Texas Supreme Court. On August 31, 2012, the Texas Supreme Court affirmed on different grounds than in our

3

Opinion and the SVP case was reversed and remanded to the trial court for a new trial. *Bohannan*, 388 S.W.3d at 298, 307. In October of 2012, Bohannan was indicted in Montgomery County, Texas, for the offense of violating the terms of his civil commitment as a sexually violent predator. *See* Tex. Health & Safety Code Ann. § 841.085. The indictment alleged that from February 14, 2009 to April 24, 2011, Bohannan committed eight separate acts that violated the terms of his civil commitment. A jury found him guilty as charged in the indictment.

One of the requirements of Bohannan's civil commitment was that he "comply with all written requirements of the Council and case manager[.]" The written supervision requirements instructed Bohannan to further comply with the rules, regulations and policies of the community residential facility where he was allowed to reside. The commitment order required that Bohannan "submit to tracking under a global positioning satellite (GPS) monitor or other monitoring system" and "comply with all written monitor system requirements." The written instructions regarding the GPS tracking service required Bohannan to submit to GPS tracking "twenty-four (24) hours per day, seven (7) days per week." And, they specifically required Bohannan to place his miniature tracking device (MTD) in the base unit installed in his residence, upon his arrival at that residence, and to make no attempt to "prevent the radio frequency electronic monitor, Global

4

Positioning equipment, or any other monitoring system from reporting [his] status to the monitoring computer." When the MTD was charging in the base unit in Bohannan's residence, he was required to stay in close proximity to the MTD, so that his ankle bracelet would remain in electronic contact with the MTD. If Bohannan strayed too far from the MTD, he would cause a "bracelet gone" alert resulting in immediate notification to Bohannan's case manager by the monitoring service. A "bracelet gone" alert was regarded as a violation of the written GPS monitoring requirements. Bohannan was the subject of five "bracelet gone" alerts between February 14, 2009, and March 27, 2009. Most of the alerts were of relatively short duration (one to five minutes), but on March 18, 2009, Bohannan's ankle bracelet was out of range of his MTD for a period of seventeen minutes. At the time, Bohannan admitted that he left the MTD in his room on that date and went to another part of the facility. The indictment for violating the civil commitment order alleged all five "bracelet gone" episodes as violations of the civil commitment order.[1]

On July 22, 2010, this Court issued an opinion reversing the judgment of civil commitment in Bohannan's case. *See Bohannan*, 379 S.W.3d at 293. The State of Texas sought review of the Court's decision by the Supreme Court of

---

[1]All of the "bracelet gone" alerts involved incidents that occurred prior to this Court's July 22, 2010 opinion.

Texas. On March 15, 2011, and March 17, 2011, Bohannan refused to sign and acknowledge written commitment requirements. Bohannan's refusals to accept and sign the written conditions of his commitment were also alleged as violations of the commitment order in the indictment. On April 24, 2011, a halfway-house dispute about access to Bohannan's prescription medication escalated into a disturbance in which Bohannan pounded on a counter, cursed at halfway-house personnel, and refused to return to his room. Police officers initially responded to Bohannan's disturbance and later returned to execute a parole revocation warrant and take Bohannan to jail. The incident of April 24, 2011, was listed in the indictment as the final alleged violation of the commitment order.

The Supreme Court of Texas affirmed the reversal of Bohannan's civil commitment judgment in an opinion issued on August 31, 2012. *See Bohannan*, 388 S.W.3d at 298, 307. No mandate of reversal was issued until January 18, 2013, shortly before the Supreme Court of the United States denied Bohannan's petition for writ of certiorari. *See Bohannan*, 133 S.Ct. at 2746. In a pre-trial hearing conducted shortly before beginning jury selection, the trial court denied Bohannan's motion to quash the indictment and granted the State's request for a motion in limine in the guilt-innocence phase of the trial regarding any reference to the reversal of the SVP commitment order.

6

<u>Discussion</u>

In issue one, Bohannan contends the trial court erred in failing to grant Bohannan's pre-trial motion to quash the indictment. The sufficiency of an indictment is a question of law that we review de novo. *State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004). However, a motion to quash the indictment must be filed before the date on which the trial on the merits commences, or the defendant waives and forfeits the right to object to the defect and he may not raise the issue on appeal. Tex. Code Crim. Proc. Ann. art. 1.14(b) (West 2005). Because Bohannan filed his motion on the first day of trial, he did not preserve error on his complaint that the trial court failed to quash the indictment. *See id.* We overrule issue one.

Although Bohannan does not present his issue as a challenge to the sufficiency of the evidence, we note that unless the person affected by the order of civil commitment is confined by the Texas Department of Criminal Justice or is receiving inpatient care at a state hospital, an order of civil commitment is effective immediately on entry of the order. *See* Tex. Health & Safety Code Ann. § 841.081(a). The civil commitment order was in effect during Bohannan's appeal and the reversal of the civil commitment judgment was not enforceable until the Supreme Court's mandate issued. *See* Tex. R. App. P. 65.2.

7

The State must prove the elements of an offense as they existed on the date the charged offense was committed. *See Ex parte Jimenez*, 361 S.W.3d 679, 683 (Tex. Crim. App. 2012). The indictment alleged that Bohannan violated the civil commitment order on dates when the order was still in effect, and at a time when Bohannan had the status of a sexually violent predator. Bohannan argues *Jimenez* is inapplicable because it concerned the violation of a penal statute. We disagree because, while it was in effect, the judgment in the civil commitment case was not less enforceable because it was a judgment in a civil case. It is well established that a violation of a civil judgment may be punished as criminal contempt even though the order is set aside on appeal. *In re Sheshtawy*, 154 S.W.3d 114, 125 (Tex. 2004) (citing *United States v. United Mine Workers of Am.*, 330 U.S. 258, 294, (1947)). We overrule issue one.

In issue two, Bohannan argues that, by not granting his motion to quash and by granting the State's motion in limine, the trial court disallowed during the guilt phase certain evidence concerning the reversal of the judgment of civil commitment and therefore deprived Bohannan of his mistake-of-law defense on the violations of the SVP order for those violations that occurred on or about March 15, 2011, March 17, 2011, and April 24, 2011. *See* Tex. Penal Code Ann. § 8.03 (West 2011). These three violations occurred after we issued our opinion

reversing the SVP order but before the Supreme Court's mandate issued. *See* Tex. R. App. P. 18.1, 65.2.

The issue of an affirmative defense is not submitted to the jury unless evidence is admitted supporting the defense. *See* Tex. Penal Code Ann. § 2.04(c) (West 2011). Bohannan concedes no evidence was admitted to support his affirmative defense, but he argues the trial court erroneously excluded his testimony about his reliance on our opinion reversing the SVP order.

During the pre-trial hearing, the trial court granted the State's motion in limine, which prohibited mentioning the reversal of the SVP judgment without first taking up the admissibility of the matter with the trial court outside the presence of the jury. Before jury selection began, defense counsel informed the trial court that he intended to discuss the reversal of the SVP judgment in order to raise a mistake-of-law defense. The trial court instructed defense counsel to approach the bench before mentioning the reversal.

After the State rested, the defense asked the trial court to grant a motion in limine prohibiting the State from cross-examining Bohannan about his prior offenses. The trial court informed the State that it would be allowed to mention the fact that Bohannan had two prior convictions that caused him to be civilly committed but would not be allowed to go into the facts. The trial court stated that

the State would be allowed to impeach Bohannan regarding convictions that occurred within ten years of the date of the offense for which he was on trial, but the State could not go into the underlying facts unless the door was opened. The trial court stated that it had not decided whether the State could impeach Bohannan with a 1979 perjury conviction.

Outside the jury's presence, Bohannan took the stand to make an offer of proof. Defense counsel asked Bohannan, "So if allowed to testify on the stand, what would you testify to?" Bohannan stated, "Well, my initial testimony would be to the situation with the bracelet gone alarms." Bohannan described some documents he received and a parole hearing that was conducted after the reversal of the civil commitment judgment. The trial court reminded counsel that Bohannan was free to testify but the court was not going to allow Bohannan to engage in a narrative if he had chosen not to testify. Bohannan stated that he chose not to testify because the order prevented him from going into the subjects covered by the State's motion in limine. The trial court stated, "I'm not going to make pre-rulings here and we're talking outside [the] presence of the jury," repeated that Bohannan could testify "under the parameters of this motion in limine[,]" but that if Bohannan "wants to put this in evidence, he's got to take the witness stand." The defense rested without calling Bohannan as a witness. The State never objected to

any of Bohannan's testimony; consequently, the trial court neither sustained nor overruled an objection to proffered evidence.

The trial court did not exclude any testimony by Bohannan. In the absence of a tender and exclusion of evidence, Bohannan has not preserved an issue on the exclusion of evidence. *See Norman v. State*, 523 S.W.2d 669, 671 (Tex. Crim. App. 1975); *see also Yanez v. State*, 199 S.W.3d 293, 301-03 (Tex. App.—Corpus Christi 2006, pet. ref'd) (the trial court may defer ruling on a pre-trial motion on admissibility of testimony until the witness testifies). Preservation of error requires an offer by the defendant, an objection by the State, and a ruling from the trial court. *See Fuller v. State*, 827 S.W.2d 919, 929 (Tex. Crim. App. 1992) ("Though admittedly he may have been in something of a quandary, with the trial court announcing that it had seemingly decided that certain evidence was not going to be admissible prior to it even being offered, such did not absolve appellant of the responsibility to at least offer the evidence at some point during the trial on the merits if he wanted it presented before the jury. Because appellant never sought to introduce the evidence at trial, the trial court did not ever exclude it therefrom."); *Ites v. State*, 923 S.W.2d 675, 678 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd) (holding no error preserved, notwithstanding bill of exceptions, where the proponent did not proffer the evidence, the opponent did not object to the evidence,

11

and the trial court did not rule that it would be excluded); *Giesberg v. State*, 945 S.W.2d 120, 128 (Tex. App.—Houston [1st Dist.] 1996), *aff'd*, 984 S.W.2d 245 (Tex. Crim. App. 1998) (holding that, although he made a bill of exceptions, the defendant failed to preserve error because the record did not show the nature of the State's objection to the evidence included in the bill). We overrule issue two.

In issue three, Bohannan complains of the denial of the motion for continuance that he filed on the day of trial. The denial of a motion for continuance is within the discretion of the trial court. *Renteria v. State*, 206 S.W.3d 689, 699 (Tex. Crim. App. 2006). To establish an abuse of discretion, the defendant must demonstrate specific prejudice arising from counsel's inadequate preparation time. *Heiselbetz v. State*, 906 S.W.2d 500, 511-12 (Tex. Crim. App. 1995).

Bohannan argues that a continuance was necessary to obtain a complete copy of the GPS records, in addition to previously-produced records that showed only the "bracelet gone" alerts. During the hearing on the motion for continuance, however, defense counsel stated that he received the records that he needed the Friday before the trial. In his brief, Bohannan argues the trial court abused its discretion because defense counsel required additional time to examine and test the equipment used to monitor Bohannan's whereabouts. Four days before the trial started, Bohannan filed a motion for production for expert evaluation of all alarms

generated by the GPS equipment and a chronological plotting of the tracking points generated by the electronic monitoring equipment on eleven specific dates. However, defense counsel never suggested that he required additional time to examine and test the GPS monitor in either the written motion for continuance or during his presentation of that motion to the trial court. Additionally, the record fails to demonstrate specific prejudice to counsel's ability to prepare for trial resulting from trying the case the week after counsel received additional records concerning the GPS monitor. *Heiselbetz*, 906 S.W.2d at 511-12. Therefore, we overrule issue three.

In issue four, Bohannan contends the trial court erred in denying numerous motions that Bohannan filed *pro se* while he was being represented by counsel. A defendant has no right to hybrid representation; consequently, the trial court is free to disregard any *pro se* motions presented by a defendant who is represented by counsel. *Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007); *see also Ex parte Bohannan*, 350 S.W.3d 116, 117 n.1 (Tex. Crim. App. 2011) (disregarding *pro se* motions filed by Bohannan while he was being represented by counsel in a post-conviction habeas proceeding); *In re Bohannan*, No. 09-12-00473-CR, 2012 WL 5519206, at *1 (Tex. App.–Beaumont Nov. 14, 2012, orig. proceeding) (mem. op., not designated for publication) (denying mandamus

13

petition seeking to compel the trial court to rule on a *pro se* motion presented in a pre-trial habeas proceeding in which the trial court appointed counsel); *In re Bohannan*, No. 09-11-00684-CR, 2011 WL 6747468 (Tex. App.–Beaumont Dec. 21, 2011, orig. proceeding) (mem. op., not designated for publication) (denying mandamus petition seeking to compel trial court to rule on *pro se* motions filed in the criminal case while Bohannan was represented by appointed counsel). We overrule issue four.

In issue five, Bohannan claims a violation of his right of self-representation. *See Faretta v. California*, 422 U.S. 806, 834 (1975). The right of self-representation does not attach until it has been clearly and unequivocally asserted. *Funderburg v. State*, 717 S.W.2d 637, 642 (Tex. Crim. App. 1986). A request for, or assertion of, hybrid representation is not an unequivocal request for self-representation. *Saldana v. State*, 287 S.W.3d 43, 54 (Tex. App.—Corpus Christi 2008, pet. ref'd).

Bohannan argues that the absence of an application for appointed counsel in the clerk's record and the numerous *pro se* motions establish that he invoked his right to represent himself. The record includes a letter, dated October 1, 2012, from Bohannan to the trial court. In the letter, Bohannan refers to trial counsel as "my currently appointed counsel" and mentions that at that time counsel "had been

14

appointed for over nine weeks" and stated that Bohannan had been informed of the appointment on July 24, 2012. An attorney request form dated April 27, 2011, and an order appointing counsel are attached as exhibits to a *pro se* motion for new trial. These documents indicate that Bohannan requested or accepted the appointment of counsel and that he relied upon counsel for his defense to the criminal prosecution of the alleged violation of the civil commitment order.

Bohannan accepted representation by counsel, then filed *pro se* motions which he argues invoked his right to represent himself. However, the trial court was not obliged to read Bohannan's *pro se* motions. *See Robinson*, 240 S.W.3d at 922. Additionally, Bohannan did not ask to proceed *pro se* at any time during the pretrial hearing and arraignment. *See Blankenship v. State*, 673 S.W.2d 578, 585 (Tex. Crim. App. 1984) (the right of self-representation must be asserted before the jury is impanelled). Under these circumstances, we conclude the failure to allow Bohannan to proceed *pro se* was not an abuse of the trial court's discretion. We overrule issue five.

In issue six, Bohannan argues that he has been prosecuted illegally for violating a void judgment. He cites no authority in support of his argument. An order of civil commitment is effective immediately on entry of the order. *See* Tex. Health & Safety Code Ann. § 841.081(a). Our reversal of that order was not

effective until January 18, 2013, which is after the dates on which Bohannan violated the civil commitment order. *See* Tex. R. App. P. 65.2. Bohannan had the status of a sexually violent predator when he violated the civil commitment order and the subsequent reversal of the judgment did not preclude prosecution for a violation of the order that occurred before the reversal of the trial court's judgment became final and the mandate of reversal issued. *See Jimenez,* 361 S.W.3d at 683; *Sheshtawy,* 154 S.W.3d at 125. Accordingly, we overrule issue six. Having overruled all of Bohannan's issues, we affirm the trial court's judgment.

     AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on May 1, 2014
Opinion Delivered October 29, 2014
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.