

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-76,575

### EX PARTE ANTONIO DAVILA JIMENEZ, Applicant

### ON APPLICATION FOR WRIT OF HABEAS CORPUS
### CAUSE NO. 1990CR4654-W3 IN THE 187TH DISTRICT COURT FROM
### BEXAR COUNTY

HERVEY, J., delivered the opinion of the Court in which KELLER, P.J., and PRICE, WOMACK, JOHNSON, KEASLER, COCHRAN and ALCALA, JJ., joined. MEYERS, J., filed a dissenting opinion.

### O P I N I O N

This is a post-conviction application for a writ of habeas corpus brought pursuant to Article 11.07. Applicant was charged with and convicted of unlawful possession of a firearm by a felon. The State proved Applicant was a felon by introducing proof of Applicant's prior felony conviction for rape of a child. Subsequent to his conviction for unlawful possession of a firearm by a felon, Applicant's predicate felony conviction was set aside. We filed and set this application to address Applicant's claim that his conviction for unlawful possession of a firearm by a felon is now void because the

predicate felony conviction used to prove his felony status was set aside and the charge dismissed. We will deny relief.

## FACTS AND PROCEDURAL HISTORY

In 1982, Applicant was convicted of rape of a child.[1] Nine years later, Applicant was convicted of unlawful possession of a firearm by a felon[2] and possession of heroin under 28 grams.[3] To prove Applicant was a felon at the time he possessed the weapon, the State introduced proof of Applicant's prior felony conviction for rape of a child. No appeal was perfected challenging either conviction.

On January 15, 1998, Applicant filed an application for a writ of habeas corpus challenging his conviction for rape of a child. He claimed his plea was involuntary due to ineffective assistance of counsel. *Ex parte Jimenez*, No. 73,544 (Tex. Crim. App. Sept. 29, 1999) (per curiam) (not designated for publication). This Court granted relief on September 29, 1999 and set aside Applicant's conviction. *Id.* Subsequently, the State

---

[1]Applicant was charged under Section 21.09 of the Texas Penal Code. In 1983, Section 21.09 was repealed by the Legislature and replaced by Sections 21.011 and 22.021. Act of May 25, 1973, 63d Leg., R.S., ch. 399, § 21.09, sec. 1, 1973 Tex. Gen. Laws 883, 917-18, *amended by* Act of May 30, 1983, 68th Leg., R.S., ch. 977, § 21.09, sec. 12, 1983 Tex. Gen. Laws 5311, 5321 (current version at TEX. PENAL CODE ANN. §§ 21.011, 22.021).

[2]The offense of unlawful possession of a firearm by a felon was formerly governed by Section 46.05 of the Texas Penal Code. However, in 1993 the Legislature amended the scope of the offense and renumbered the provision. Act of May 25, 1973, 63d Leg., R.S., ch. 399, § 46.05, sec. 1, 1973 Tex. Gen. Laws 883, 964, *amended by* Act of May 31, 1993, 73d Leg., R.S., ch. 900, § 1.01, sec. 46.05, 1993 Tex. Gen. Laws 3586, 3688 (current version at TEX. PENAL CODE ANN. § 46.04). We will refer to Section 46.05 in this opinion because it was the applicable version of the statute at the relevant time.

[3]TEX. HEALTH & SAFETY CODE ANN. § 481.115(d).

dismissed the charge due to a missing witness.

Applicant has previously filed two habeas corpus applications challenging his conviction for unlawful possession of a firearm by a felon. Both of those applications were dismissed.

The instant application for habeas corpus was filed on March 1, 2011.[4] In this, Applicant's third application, he argues that his conviction for unlawful possession of a firearm is now void because the predicate felony supporting his conviction has been set aside and the charge dismissed. The trial court entered findings of fact and conclusions of law recommending that relief be granted on all grounds.

## ARGUMENTS OF THE PARTIES

### A. Applicant

Applicant argues that his conviction for unlawful possession of a firearm is void in light of our holding in *Cuellar v. State*, 70 S.W.3d 815 (Tex. Crim. App. 2002). He contends that, in *Cuellar*, we held that the defendant's conviction for unlawful possession of a firearm was void because the underlying felony used to support his conviction was set aside. *Id.* at 820. Applying *Cuellar* to his case, Applicant argues that he should be granted relief because he is still incarcerated for the crime of unlawful possession of a firearm, even though the State is now unable to prove an element of that crime (that

---

[4]Applicant is not barred from bringing this third writ application pursuant to Article 11.07, Section 4, because neither of Applicant's previous applications resulted in a final disposition. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4.

Applicant has a previous felony conviction).

### B. The State

The State argues that Applicant waived his right to collaterally attack his unlawful possession of a firearm conviction. The State reasons that, when proof of Applicant's prior felony conviction was introduced at his trial for unlawful possession of a firearm by a felon, he was required to challenge the validity of that predicate conviction at that trial or on direct appeal. *See Ex parte Richardson*, 201 S.W.3d 712, 713-14 (Tex. Crim. App. 2006); *Ex parte Pena*, 71 S.W.3d 336, 338 (Tex. Crim. App. 2002).

Alternatively, the State contends that Applicant's conviction for unlawful possession of a firearm is constitutionally sound because his status as a felon at the time of the offense is dispositive. *See State v. Mason*, 980 S.W.2d 635, 641 (Tex. Crim. App. 1998). Similarly, the State argues that *Cuellar* is distinguishable because, in that case, the defendant's predicate felony was set aside *before* he was charged with unlawful possession of a firearm. *Cuellar*, 70 S.W.3d at 820. Thus, the defendant in *Cuellar* did not have the status of a felon when he possessed the weapon. In contrast, Applicant had the status of a felon at the time he possessed the firearm because his underlying felony conviction was set aside *after* he was convicted.

The State also cites *Lewis v. United States*, 445 U.S. 55, 65 (1980), in which the Supreme Court held that a defendant's prior felony conviction can serve as the predicate for a later charge, despite the fact that the underlying felony conviction may be

constitutionally infirm.  The State asserts that the Supreme Court's reasoning in *Lewis* establishes that the use of a defendant's extant felony conviction, even if it is subsequently set aside, does not offend due process so long as the defendant had the status of a felon at the time he committed the offense requiring a prior felony conviction.

Finally, the State contends that the plain language of Section 46.05 of the Texas Penal Code demonstrates that the State need prove only the felony status of the defendant at the time he possessed the weapon to obtain a valid conviction for unlawful possession of a firearm by a felon.

## DISCUSSION

Today, we must decide whether a defendant's conviction for unlawful possession of a firearm by a felon is void because the defendant successfully challenged his predicate felony conviction after he was found guilty of possessing a firearm.  In doing so, we must construe the phrase "[a] person who has been convicted of a felony . . . ."  TEX. PENAL CODE ANN. § 46.05 (1973).  Although this phrase remains in the statute as it exists today, other aspects of the statute are substantively different than when Applicant was charged with the offense.[5]  We intimate no view on any other aspect of the statute not relevant to Applicant's claim.

At the time Applicant was charged with unlawful possession of a firearm, Texas

---

[5]For example, in 1993, the Legislature removed the requirement that the predicate felony conviction involve an act of violence to person or property but added another placing a temporal limit on the applicability of the statute.  *See also* note 2, *supra*.

Penal Code Section 46.05 provided the following:

> § 46.05—Unlawful Possession of Firearm by Felon.
> (a) A person who has been convicted of a felony involving an act of violence or threatened violence to a person or property commits an offense if he possesses a firearm away from the premises where he lives.
> (b) An offense under this section is a felony of the third degree.

TEX. PENAL CODE ANN. § 46.05 (1973).

We have previously addressed what must be proven by the State to obtain a valid conviction for unlawful possession of a firearm by a felon. *State v. Mason*, 980 S.W.2d 635 (Tex. Crim. App. 1998). In *Mason*, the defendant was indicted for unlawful possession of a firearm by a felon. *Id.* at 636. On appeal, the issue presented was which version of the statute controlled—the amended version simply requiring a predicate felony conviction or the former version requiring a felony conviction involving an act of violence or threatened violence to a person or property. *Id.* at 636-37. Addressing the predicate felony requirement, we held that to obtain a valid conviction, the State must prove a defendant's felony status when he possessed the firearm. *Id.* at 641.

This requirement is consistent with the cases cited by Applicant and the State—*Lewis* and *Cuellar*. In *Lewis*, the Supreme Court addressed whether a defendant's infirm extant felony conviction could constitute the predicate for a subsequent conviction for unlawfully possessing a firearm as a felon. *Lewis*, 445 U.S. at 56. The defendant in *Lewis* was convicted of felony breaking and entering with intent to commit a misdemeanor. *Id.* at 56-57. Sixteen years later, he was indicted for knowingly receiving

and possessing a firearm in violation of federal law. *Id.* Like the statute in this case, the statute at issue in *Lewis* punished "any person who has been convicted of a felony."[6] At trial, the defendant argued that his felony conviction for breaking and entering could not be used to prove he was a felon when he possessed the firearm because he was not represented by counsel when he was convicted of breaking and entering. *Id.* at 58-59. The Supreme Court analyzed the plain meaning of the statute and held that the prohibition in the statute was constitutional, despite the fact that the predicate felony may be subject to collateral attack on constitutional grounds. *Id.* at 65-67. Implicit in the Court's holding was that, to obtain a valid conviction, the prosecution must prove the status of the defendant at the time he possessed the weapon. *See id.* at 64 (discussing Congress's intent that the defendant clear his status as a felon before obtaining a firearm).

Later, in *Cuellar*, we addressed whether a felony conviction that was set aside could subsequently be used to prove that the defendant was a felon at the time of possession when he was arrested for felony possession of a firearm. *Cuellar*, 70 S.W.3d at 816. In 1976, Rudy Cuellar pled guilty to the felony offense of possession of heroin. *Id.* After successfully completing community supervision, the trial court discharged the defendant, set aside his conviction, and dismissed the indictment against him in accordance with Article 42.12, § 20 of the Texas Code of Criminal Procedure. *Id.*; *see*

---

[6]Title VII of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. App. § 1202(a)(1) (1968), *amended by* Firearms Owners' Protection Act of 1986, Pub. L. No. 99-308, § 104(b), 100 Stat. 449, 459 (current version at 18 U.S.C. § 922(a)(1)(A)).

TEX. CODE CRIM. PROC. ANN. art. 42.12, § 20. In 1996, the defendant was arrested for unlawful possession of a firearm by a felon. *Cuellar*, 70 S.W.3d at 816. He pled not guilty, but he was convicted. *Id.* at 817. On appeal, the defendant argued that one of the elements of unlawful possession of a firearm is a previous felony conviction and that, because his conviction for possession of heroin was set aside and the indictment dismissed, he could not be guilty of unlawful possession of a firearm by a felon because he was not a felon at the time he committed the offense. *Id.* We agreed with the defendant and held that his 1976 conviction could not be used to prove he was a felon when he possessed the firearm. *Id.* at 816, 820. However, Applicant's case is distinguishable from *Cuellar* because, in *Cuellar*, the defendant's predicate felony conviction was set aside *before* he possessed the firearm which led to his being arrested. *Id.* at 816-17. In contrast, Applicant's rape of a child conviction was set aside in 1999, eight years *after* he had already been convicted of unlawfully possessing a firearm as a felon.

Today we reaffirm our holding in *Mason.* To obtain a valid conviction for unlawful possession of a firearm by a felon, the State must prove a defendant's felony status at the time of the possession of the firearm. *Mason*, 980 S.W.2d at 641. Therefore, if the defendant had the status of a felon at the time he possessed the firearm, a conviction for unlawful possession of a firearm by a felon is not void if the predicate felony

conviction is subsequently set aside.[7]

Under these facts, Applicant is not entitled to relief because he had the status of a felon when he possessed the firearm which led to the new charges.

**CONCLUSION**

Applicant's conviction for unlawful possession of a firearm is valid because he had the status of a felon at the time he possessed the firearm. As a result, Applicant's application for a writ of habeas corpus relief is denied.

Hervey, J.

Delivered: February 8, 2012
Publish

---

[7]We have previously addressed the topic of void judgments, and we note that Applicant's claim does not comport with our case law delineating when judgments may be void. *See Nix v. State*, 65 S.W.3d 664, 668-69 (Tex. Crim. App. 2001) (listing situations when criminal judgments are void: (1) the alleged charging instrument does not satisfy the requisites of a charging instrument, (2) the trial court lacks subject matter jurisdiction over the offense charged, (3) the record reflects no evidence to support the conviction, or (4) when an indigent defendant is required to face criminal trial proceedings without appointed counsel, when such has not been waived). While we noted that the list is not exclusive, we did indicate that it is "very nearly so." *Id.* at 668.