IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,775




 


EX PARTE KENNETH CARNER, Applicant









ON APPLICATION FOR WRIT OF HABEAS CORPUS 

CAUSE NO. 007-0386-10 IN THE 7TH DISTRICT COURT FROM SMITH
COUNTY




 Hervey, J., delivered the opinion of the Court in which Keller, P.J., and
Price, Womack, Johnson, Keasler, Cochran and Alcala, JJ., joined. Meyers,
J., not participating.

 

O P I N I O N



 Applicant, Kenneth Carner, was convicted of evading arrest. Pursuant to Section
38.04(b)(1)(A), he was found guilty of a state-jail felony that was enhanced to a second-degree felony. Tex. Penal Code § 38.04(b)(1)(A). Applicant argues that his state-jail-felony conviction is void because the offense alleged was committed before the effective
date of the statute under which he was tried, convicted, and sentenced. We hold that,
because the date of Applicant's prior conviction is not an element of the offense,
Applicant is not entitled to relief.

Background

 In 2009, the Texas Legislature amended the offense of evading arrest by
expanding the circumstances under which a person is subject to prosecution. (1) Before the
amendments took effect, a person was guilty of state-jail-felony evading arrest if the actor
used a vehicle while in flight and the actor had no prior convictions for evading arrest. (2) 
Tex. Penal Code Ann. § 38.04 (2001). After the amendments became effective, a
person was guilty of state-jail-felony evading arrest if the actor has been previously
convicted of evading arrest or if the actor used a vehicle while in flight and has no prior
conviction for evading arrest. (3) Tex. Penal Code Ann. § 38.04 (2009). The effective
date of the 2009 amendments was September 1, 2009. The enabling legislation also
contained a savings clause stating,

The change in law made by this Act applies only to an offense committed
on or after the effective date of this Act. An offense committed before the
effective date of this Act is covered by the law in effect when the offense
was committed, and the former law is continued in effect for that purpose.
For purposes of this section, an offense was committed before the effective
date of this Act if any element of the offense was committed before that
date.


Tex. H.B. 221, 81st Leg., R.S. (2009). Applicant was charged with evading arrest "on or
about February 14, 2010." The indictment alleged that Applicant had been previously
convicted of evading arrest on November 5, 2008.

Discussion

 In construing a statute, we must "seek to effectuate the 'collective' intent or
purpose of the legislators who enacted the legislation." Boykin v. State, 818 S.W.2d 782,
785 (Tex. Crim. App. 1991). To determine whether the Legislature intended for a fact to
constitute an element of an offense, we interpret the plain language of that statute. Calton
v. State, 176 S.W.3d 231, 233 (Tex. Crim. App. 2005); State v. Mason, 980 S.W.2d 635,
638 (Tex. Crim. App. 1998). However, if the language of the statute is ambiguous or
interpreting the plain language would lead to an absurd result, then we can resort to extra-textual factors to ascertain the elements of an offense. Calton, 176 S.W.3d at 233;
Boykin, 818 S.W.2d at 785. The general rule is that the statute governing an offense is
the one in effect at the moment the defendant allegedly committed the charged crime. See
Ex parte Jimenez, AP-76,575, 2012 WL 385121, at *4 (Tex. Crim. App. Feb. 8, 2012)
(holding that the State must prove the elements of an offense as they existed at the time
the defendant is charged with having committed that crime); Mason, 980 S.W.2d at 638
(same). Applicant argues that the prior evading-arrest statute applies to him because the
savings clause states that "an offense was committed before the effective date of this Act
if any element of the offense was committed before that date," and his prior conviction
for evading arrest became final before the 2009 amendments. We disagree.

 In State v. Mason, this Court was asked to determine whether a prior conviction is
an element of unlawful possession of a firearm by a felon. Mason, 980 S.W.2d at 636. 
On discretionary review, the appellee argued that the State was required to prove the date
of his prior felony conviction, and because the date of his prior felony conviction
preceded the effective date of the revised statute, he should have been charged under the
former statute. Id. We disagreed and held that it was not the Legislature's intent for the
date of the prior conviction to be considered an element of the offense. Id. at 641. 
Rather, we concluded that the Legislature intended for the defendant's status as a felon at
the time of possession to be the relevant element of the offense. Id.

 Recently we again addressed the issue of elements of an offense. Jimenez, 2012
WL 385121, at *4. In Jimenez, the applicant was also convicted of unlawful possession
of a firearm by a felon. Id. at *1. After his conviction became final, the applicant sought,
and was granted, relief from his predicate felony conviction. Ex parte Jimenez, No.
73,544 (Tex. Crim. App. Sept. 29, 1999) (per curiam) (not designated for publication). 
Subsequently, the applicant argued that his conviction for unlawful possession of a
firearm by a felon was void because, even though he was still incarcerated, the State
could no longer prove that he was a felon when he possessed the gun. Jimenez, 2012 WL
385121, at *1. We reaffirmed our holding in Mason and held that the State's burden
required it to prove that the applicant had the status of a felon at the time he possessed the
firearm. Id. at *4. And even though the applicant's prior felony conviction had been set
aside on constitutional grounds, his conviction for unlawful possession of a firearm by a
felon was not void because he had the status of a felon at the time of the charged offense. 
Id.

 Like the requirement of a prior felony conviction in Mason and Jimenez, the
necessity of a prior conviction in this case is an attendant circumstance to the crime that
increases the severity of the offense. See Weaver v. State, 87 S.W.3d 557, 560 (Tex.
Crim. App. 2002); see also Calton, 176 S.W.3d at 233-34. An attendant circumstance is
"[a] fact that is situationally relevant to a particular event or occurrence." Black's Law
Dictionary 260 (8th ed. 2004). In this case, the existence of a prior conviction for
evading arrest is a circumstance of Applicant's conduct that is situationally relevant
because, if proven true by the State, the offense is a state-jail felony and not a Class A
misdemeanor. For example, in Weaver, we held that the requirement of "two (or more)
prior intoxication-related offenses are specific attendant circumstances that serve to
define, in part, the forbidden conduct of the crime of felony driving while intoxicated." 
Weaver, 87 S.W.3d at 560 (emphasis removed). We went on to state that "if a person,
such as appellant, commits DWI with the requisite attendant circumstances (i.e., two or
more prior intoxication-related offenses), then that person has committed felony [as
opposed to misdemeanor] DWI." Id. As seen in this example, attendant circumstances
are often used in the Texas Penal Code to differentiate between different degrees of a
crime. See Calton, 176 S.W.3d at 233-34; Nixon v. State, 196 S.W.3d 354, 355-56 (Tex.
App.--Houston [1st Dist.] 2006, no pet.) (discussing graded offenses and distinguishing
graded offenses from enhancement schemes).

 Although an attendant circumstance forms part of the prohibited conduct of a
crime, (4) unlike other actus reus elements, attendant circumstances are more like historical
facts showing that Applicant has engaged in prior conduct that was unlawful, and the
attendant circumstance is either true or false at the moment Applicant allegedly
committed the charged crime. This is in line with our holdings in Mason and Jimenez, in
which we held that a defendant's felony status at the time of the presently charged offense
constituted the element of the crime, not the date of the defendant's prior conviction. 
Jimenez, 2012 WL 385121, at *4; Mason, 980 S.W.2d at 641. In that way, the questions
presented in Mason and Jimenez are similar to this case because the relevant question is
whether, at the time of the presently charged offense, the defendant had a prior conviction
(in this case for evading arrest). 

 Our discussion of attendant circumstances also accords with this Court's rule that
we determine the elements of an offense by interpreting the plain language of a statute. 
See Calton, 176 S.W.3d at 233-34; Mason, 980 S.W.2d at 638. The plain language of
Section 38.04 reveals that, at the time of the offense, a person was guilty of state-jail-felony evading arrest if (1) he intentionally, (2) fled, (3) from a person, (4) he knew was a
peace officer, (5) attempting lawfully to arrest or detain him, and (6) he had been
previously convicted of that offense or (7) he used a vehicle while in flight but had no
prior conviction. See Calton, 176 S.W.3d at 234; see also Tex. Penal Code Ann.
§ 38.04(b)(1) (2009).

 Prior to the 2009 amendments, an actor was guilty of state-jail-felony evading
arrest if he used a vehicle while in flight and the actor had no prior convictions for
evading arrest. Tex. Penal Code Ann. § 38.04 (2001). After the 2009 amendments
became effective, a person was guilty of state-jail-felony evading arrest if the actor has
been previously convicted of evading arrest or if he used a vehicle while in flight and has
no prior conviction for evading arrest. Tex. Penal Code Ann. § 38.04 (2009). Thus, the
amendments affect only repeat offenders because, under the old statute, a person with a
prior conviction would still be guilty of only a Class B misdemeanor. Tex. Penal Code
Ann. § 38.04 (2001). However, under the new scheme, a person with a prior conviction
for evading arrest or detention that is arrested again for the same crime is guilty of a state-jail felony. Tex. Penal Code Ann. § 38.04 (2009). Therefore, the intent of the
Legislature in passing the 2009 amendments was to punish a person who evades arrest or
detention with a prior conviction more severely than a first-time offender, irrespective of
whether a vehicle was used. (5) Moreover, interpreting the provision, "the actor has been
previously convicted under this section . . . [,]" (6) to mean that the State must prove the date
of a defendant's prior conviction defies the plain meaning of the provision, leads to
absurd results, and is contrary to our case law. See Mason, 980 S.W.2d at 639.

 We now address Applicant's argument that the prior version of the statute controls
because an element of the offense (a prior conviction for evading arrest) was committed
before the effective date of the amendments.

Application

 The State's burden in this case was two-fold. First, the State had to prove that
Applicant evaded arrest or detention "on or about February 14, 2010." To meet this
burden, the State had to show beyond a reasonable doubt that Applicant intentionally fled
from a person he knew was a peace officer lawfully attempting to arrest or detain him. 
Proof of these elements is sufficient to convict Applicant of a Class A misdemeanor, and
the State met this burden. However, in this case the State also chose to allege and prove
that, at the time Applicant was charged with evading arrest a second time, he had been
previously convicted of evading arrest. This attendant circumstance to the crime elevated
the severity of Applicant's offense from a Class A misdemeanor to a state-jail felony. 
Compare Tex. Penal Code Ann. § 38.04(b) (2009), with Tex. Penal Code Ann.
§ 38.04(b)(1)(A) (2009). Moreover, as we explained in Mason and Jimenez, the attendant
circumstance here required the State to prove that, at the time of Applicant's presently
charged offense, he had a prior conviction for evading arrest. See Tex. Penal Code
Ann. § 38.04(b)(1)(A) (2009); see also Jimenez, 2012 WL 385121, at *4; Mason, 980
S.W.2d at 638. The date of Applicant's prior conviction is irrelevant to the State's burden
of proof. The State met its second burden when it introduced proof that Applicant's 2008
conviction for evading arrest was final at the moment he evaded arrest a second time.

 We hold that Applicant's state-jail-felony conviction is not void because the
State's burden was to prove that Applicant evaded arrest "on or about February 14, 2010"
and that, at the time he did so, he had previously been convicted of evading arrest. In this
case, the State met that burden.

Conclusion

 At the time of the charged offense, the revised statute was already in effect, and
Applicant was guilty of each element of the state-jail-felony offense of evading arrest. 
We hold that Applicant's state-jail-felony conviction is not void, and Applicant's request
for writ of habeas corpus is denied.

 Hervey, J.

Delivered: April 25, 2012

Publish
1. Act of May 27, 2001, 77th Leg., R.S., ch. 1480, § 38.04, sec. 1, 2001 Tex. Gen. Laws
5265, 5265, amended by Act of May 30, 2009, 81st Leg., R.S., ch. 1400, § 38.04(b), sec. 4, 2009
Tex. Gen. Laws 4385, 4386.
2. Before September 1, 2009, Section 38.04(b) of the Penal Code designated the offense of
evading arrest as,


(1) a state jail felony if the actor uses a vehicle while the actor is in flight and the
actor has not been previously convicted under this section[.]

Tex. Penal Code Ann. § 38.04(b)(1) (2001).
3. We confine our discussion of evading arrest to the statute only as it existed directly
preceding the September 2009 amendments and directly after those amendments. Since 2009,
the offense of evading arrest has been amended three times, and we express no opinion as to how
subsequent amendments have affected the statute. At the time of the offense, the Texas Penal
Code defined evading arrest as,


(1) a state jail felony if:

 (A) the actor has been previously convicted under this section; or 

 (B) the actor uses a vehicle while the actor is in flight and the actor has not
been previously convicted under this section[.]

Tex. Penal Code Ann. § 38.04(b)(1) (2009).
4. Weaver, 87 S.W.3d at 560.
5. Subsequent to the 2009 amendments, the Legislature amended the offense of evading
arrest to reflect that it is a state-jail felony "if the actor has been previously convicted under this
section." Tex. Penal Code Ann. § 38.04(b)(1) (2011). However, now it is a third-degree
felony if an offender used a vehicle or watercraft to evade arrest, regardless of whether he has a
prior conviction for evading. Id. § 38.04(b)(2).
6. Tex. Penal Code Ann. § 38.04(b)(1)(A) (2009).