PD-0122-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 5/11/2015 2:50:05 PM
Accepted 5/11/2015 4:17:15 PM
ABEL ACOSTA
CLERK

Case No.  PD-0122-15

---

IN THE TEXAS COURT OF CRIMINAL APPEALS

---

ERIC DWAYNE STEVENSON v. THE STATE OF TEXAS

---

On Discretionary Review
of Appeal No. 02-13-00537-CR
in the Second Court of Appeals of Texas
at Fort Worth

---

**Amicus Curiae Brief**

---

State Counsel for Offenders

John C. Moncure
Texas Bar No. 14262800
P. O. Box 4005
Huntsville, TX  77342-4005
Telephone no. 512-406-5969
Facsimile no. 512-406-5960
John.Moncure@tdcj.texas.gov

**Oral Argument Not Permitted**

## Identity of Judge, Parties, and Counsel

**Trial Court Judge**
Hon. Robb Catalano (Criminal District Court 3, Tarrant County)

**Parties**
The State of Texas (Appellee)

Eric Dwayne Stevenson (Appellant)

**Trial Counsel for State**
Lloyd Whelchel
Catherine P. Simpson
Tarrant County Assistant District Attorneys
401 W. Belknap
Fort Worth, Texas  76196

**Trial Counsel for Appellant**
Stephanie Patten
1300 W. University Dr., No. 602
Fort Worth, Texas 76101

Steve Gordon
201 Moneda Street
Fort Worth, Texas 76117

**Appellate Counsel for State**
Debra Windsor (appeal)
Tarrant County Assistant District Attorney
401 W. Belknap
Fort Worth, Texas 76196

Lisa McMinn (discretionary review)
State Prosecuting Attorney
P.O. Box 12405
Austin, Texas 78711

**Appellate Counsel for Appellant**
R. Scott Walker (appeal and discretionary review)
222 W. Exchange Ave.
Fort Worth, Texas 76164

**Amicus Curiae Counsel**
John C. Moncure (discretionary review)
SCFO
P.O. Box 4005
Huntsville, Texas 77342

**Table of Contents**

Identity of Judge, Parties, and Counsel……………………………………………….ii

Index of Authorities…………………………………..……………………………..v

Amicus Curiae Statement ........................................................................................ 1

Statement of the Case ............................................................................................. 2

Statement Regarding Oral Argument…… .…………………………………………..3

The Question for Review Addressed by This Amicus Curiae Brief ........................ 3

> The trial court erred by denying appellant's motion for directed verdict (fourth question presented for review in appellant's discretionary-review petition).

> Fourth Question Restated: In addressing appellant's evidentiary-sufficiency challenge through his motion for directed verdict on the basis that there was no final civil-commitment order, the Fort Worth Court of Appeals erred to decide that "the issuance of mandate of that order was not a necessary precondition for imposing criminal sanctions for its disobedience."

Statement of the Facts……………………….......…………………………………3

Summary of the Argument………………………. .………………………………..3

Argument……………………………………. ......…………………………………4

Prayer……………………………………………………………………………...11

Certificate of Service…………...………………………………………………….12

Certificate of Compliance…………………………………………………………...12

# Index of Authorities

## Cases

*Austin v. State*, No. PD-1431-14 (Tex. Crim. App., delivered March 18, 2015) ....10

*Bohannan v. State*, 2014 Tex. App. LEXIS 11825 (Tex. App.—Beaumont, delivered October 29, 2014, no pet.) ............................................................8, 11

*Boykin v. State*, 818 S.W.2d 782 (Tex. Crim. App. 1991) .......................................6

*Ex parte Jimenez*, 361 S.W.3d 679 (Tex. Crim. App. 2012)....................................7

*Fletcher v. State*, 214 S.W.3d 5 (Tex. Crim. App. 2007) .........................................7

*Giesberg v. State*, 984 S.W.2d 245 (Tex. Crim. App. 1998).................................10

*Smith v. State*, 2014 Tex. App. LEXIS 10117 (Tex. App.—Beaumont, delivered September 10, 2014, no pet.)...........................................................................9, 10

*State v. Johnson*, 219 S.W.3d 386 (Tex. Crim. App. 2007) .....................................6

*Stevenson v. State*, 2015 Tex. App. LEXIS 387 (Tex. App.—Fort Worth 2015) .2, 5

*Stevenson v. State*, PD-0122-CR (delivered 4/29/15)...........................................2, 3

## Statutes

Chapter 841, Texas Health & Safety Code............................................. 1, 2, 4, 6, 7

Texas Health & Safety Code Section 841.062 .........................................................6

Texas Health & Safety Code Section 841.062(a)..................................................6, 7

Texas Health & Safety Code Section 841.081(a)..................................................5, 6

Texas Health & Safety Code Section 841.082 .........................................................4

Texas Health & Safety Code Section 841.085(a).............................. 3, 4, 5, 6, 8, 9

## Rules

Tex. R. App. P. 11..............................................................................................1

## Other Authorities

Acts 1999, 76th Leg., ch. 1188, § 4.01 .............................................................5

Acts 2007, 80th Leg., ch. 1219, § 8 ..................................................................5

Case No. PD-0122-15

IN THE TEXAS COURT OF CRIMINAL APPEALS

ERIC DWAYNE STEVENSON v. THE STATE OF TEXAS

On Discretionary Review
of Appeal No. 02-13-00537-CR
in the Second Court of Appeals of Texas
at Fort Worth

**Amicus Curiae Brief**

**TO THE HONORABLE TEXAS COURT OF CRIMINAL APPEALS:**

Without receiving any fee from any source, amicus curiae, State Counsel for Offenders (SCFO), which is a division of the Texas Department of Criminal Justice (TDCJ), presents this amicus curiae brief pursuant to Rule 11 of the Texas Rules of Appellate Procedure. This brief is sent for the purpose of aiding this Court in resolving whether a civilly committed person under Chapter 841 of the Texas Health and Safety Code should be convicted and sent to prison for violating a civil-commitment requirement while his appeal from his civil-commitment order is still pending and before this order becomes final.

**AMICUS CURIAE STATEMENT**

SCFO represents persons eligible for civil commitment under Chapter 841

of the Texas Health and Safety Code at their civil-commitment trials and on appeal. None of these persons can be criminally prosecuted for violating a civil-commitment requirement unless they have been civilly committed after a civil-commitment trial resulting in a civil-commitment order which is "effective immediately" upon its entry. If these civilly committed persons can be criminally prosecuted and sent to prison for violating a civil-commitment requirement while their appeals in their civil-commitment cases are still pending, their civil-commitment appeals are essentially rendered moot and any errors that may have occurred at their civil-commitment trials (no matter how egregious) are inconsequential.

## STATEMENT OF THE CASE

According to Mr. Stevenson's discretionary-review petition and the Fort Worth Court of Appeals' decision, a jury convicted Mr. Stevenson of three counts of violating a civil-commitment requirement and assessed an enhanced sentence of seventeen years on each count and some fines. The Fort Worth Court of Appeals affirmed. *See Stevenson v. State*, 2015 Tex. App. LEXIS 387 (Tex. App.—Fort Worth 2015) (mem. op. not designated for publication). Mr. Stevenson timely filed a discretionary-review petition which this Court granted. *See Stevenson v. State*, PD-0122-CR (delivered 4/29/15).

2

**STATEMENT REGARDING ORAL ARGUMENT**

This Court's order granting Mr. Stevenson's discretionary-review petition stated that oral argument would not be permitted. *See id.*

**THE QUESTION FOR REVIEW ADDRESSED BY THIS AMICUS CURIAE BRIEF**

The trial court erred by denying appellant's motion for directed verdict (fourth question presented for review in appellant's discretionary-review petition).

Fourth Question Restated: In addressing appellant's evidentiary-sufficiency challenge through his motion for directed verdict on the basis that there was no final civil-commitment order, the Fort Worth Court of Appeals erred to decide that "the issuance of mandate of that order was not a necessary precondition for imposing criminal sanctions for its disobedience."

**FACT STATEMENT**

It is undisputed that Mr. Stevenson's civil-commitment order was not final (and his appeal from that order was still pending) when he allegedly violated the civil-commitment requirements that were the basis of the charged criminal offenses.

**ARGUMENT SUMMARY**

The elements of the non-penal-code criminal offense defined in Section 841.085(a) of Chapter 841 of the Texas Health and Safety Code are that a person violates a civil-commitment requirement "after having been adjudicated and civilly

3

committed as a sexually violent predator." It cannot be said that there is any evidence (or that there is legally sufficient evidence) to support a person's conviction under Section 841.085(a) when the evidence conclusively and undisputedly establishes that this person was not an "adjudicated" sexually violent predator when he allegedly violated a civil-commitment requirement. And this person cannot have this status of an "adjudicated" sexually violent predator until his civil-commitment order is final.

## ARGUMENTS AND AUTHORITIES

**The trial court erred by denying appellant's motion for directed verdict (fourth question presented for review in appellant's discretionary-review petition).**

**Fourth Question Restated: In addressing appellant's evidentiary-sufficiency challenge through his motion for directed verdict on the basis that there was no final civil-commitment order, the Fort Worth Court of Appeals erred to decide that "the issuance of mandate of that order was not a necessary precondition for imposing criminal sanctions for its disobedience."**

The unique-to-Texas criminal-penalty provision for imprisoning a civilly committed person under Chapter 841 is set out in Section 841.085(a) and it defines the elements of this non-penal-code criminal offense as:

A person commits an offense if, after having been adjudicated and civilly committed as a sexually violent predator under this chapter, the person violates a civil commitment requirement imposed under Section 841.082.[1]

---

[1] As originally enacted in 1999, this criminal-penalty provision provided that a "person commits an offense if the person violates a requirement imposed under Section 841.082." *See* Acts 1999,

4

The Fort Worth Court decided that "the issuance of mandate of [Mr. Stevenson's civil-commitment] order was not a necessary precondition for imposing criminal sanctions for its disobedience" (i.e., he could be criminally prosecuted for violating this order before it became final) because this order was "effective immediately on entry of the order" which could not be superseded by the filing of a notice of appeal or by any provision in the rules of civil procedure. *See Stevenson*, 2015 Tex. App. LEXIS 387 at \*4. While all of this is true (i.e., a person can be civilly committed immediately upon entry of the civil-commitment order under Section 841.081(a) and thus be required to abide by all the rules of civil commitment even before his appeal from that order becomes final and while his appeal from that order is still pending), none of this answers the question of whether this person has the status of an "adjudicated" sexually violent predator before the order becomes final.

The resolution of this question turns on a construction of the term "adjudicated" in Section 841.085(a) as it is clear from the plain language of Section 841.085(a) that a person cannot be criminally prosecuted for violating a civil-commitment requirement unless he has the status of an "adjudicated" sexually violent predator when this violation occurs. Any doubt about the construction of

76th Leg., ch. 1188, § 4.01. This criminal-penalty provision was amended to its current version in 2007. *See* Acts 2007, 80th Leg., ch. 1219, § 8.

5

the term "adjudicated" must be resolved in Mr. Stevenson's favor. *See State v. Johnson*, 219 S.W.3d 386, 388 (Tex. Crim. App. 2007) (non-penal-code criminal statutes must be strictly construed with any doubt resolved in the accused's favor).

In construing the term "adjudicated," it is not dispositive that a civil-commitment order is "effective immediately" upon its entry under Section 841.081(a) at which time the person is considered to be civilly committed as this only satisfies Section 841.085(a)'s element that this person had been "civilly committed as a sexually violent predator." This does not establish that this person also had the status of an "adjudicated" sexually violent predator. By also using the term "adjudicated," the Legislature had to have intended for the person's status to be something more than "civilly committed as a sexually violent predator." This at least should have been plain to the legislators who enacted the statute. *See Boykin v. State*, 818 S.W.2d 782, 785-86 (Tex. Crim. App. 1991). The Legislature could only have meant for the term "adjudicated" to include an appeal and issuance of the appellate court's mandate (or at least that should also have been plain). *See id*.

Other provisions in Chapter 841 also support this construction of "adjudicated." In describing the Chapter 841 adjudicatory process in Section 841.062 entitled "DETERMINATION OF PREDATOR STATUS," the Legislature provided in Section 841.062(a) that the factfinder must make this determination beyond a reasonable doubt. The Legislature also provided in

6

Section 841.062(a) that a person "is entitled to appeal the determination [of predator status]." This shows that the Legislature intended that an appeal be part of the adjudicatory process under Chapter 841 for determining a person's predator status.

This is also consistent with this Court's decision in *Ex parte Jimenez*, 361 S.W.3d 679 (Tex. Crim. App. 2012). The issue in *Jimenez* was whether the defendant's felon-in-possession-of-a-firearm conviction was "void" because the defendant later successfully challenged in a habeas corpus proceeding his predicate felony conviction (rape of a child) that established his status as a "convicted" felon in the firearm case. *See Jimenez*, 361 S.W.3d at 681-82. This Court decided that Jimenez' felon-in-possession-of-a-firearm conviction could not be "void" because he had this status of a "convicted" felon when he possessed the firearm. *See Jimenez*, 361 S.W.3d at 682-684.

It is likely that this Court would have decided this question differently in *Jimenez* had the State prosecuted Jimenez on the felon-in-possession-of-a-firearm charge while Jimenez' appeal from the judgment in the predicate felony (rape of a child) was still pending since this would prevent Jimenez from having the status of a "convicted" felon when he possessed the firearm. *See Fletcher v. State*, 214 S.W.3d 5, 6 (Tex. Crim. App. 2007) ("conviction" from which an appeal has been taken not considered a "final conviction" until the "conviction" is affirmed by the

7

appellate court and that court's mandate of affirmance becomes final). Similarly, a person should not be considered to have the status of an "adjudicated" sexually violent predator while his civil-commitment appeal is still pending.

Michael Wayne Bohannan's case should also be instructive in construing the term "adjudicated." Mr. Bohannan was convicted of one count of violating Section 841.085(a) and assessed an enhanced sentence of life in prison based on multiple violations of a civil-commitment order that the Beaumont Court reversed in Bohannan's appeal in the civil-commitment case because the trial court excluded the testimony of Bohannan's only expert witness (Bohannan's civil-commitment case turned almost exclusively on the testimony of two state-expert witnesses). *See Bohannan v. State*, 2014 Tex. App. LEXIS 11825 at \*\*3-6 (Tex. App.—Beaumont, delivered October 29, 2014, no pet.) (mem. opinion). All of these violations occurred during the pendency of Bohannan's appeal in the civil-commitment case and some of them even occurred after the Beaumont Court decided that Bohannan's judgment in the civil-commitment case should be reversed. *See Bohannan*, 2014 Tex. App. LEXIS 11825 at \*4 (Beaumont Court decided that Bohannan's civil-commitment judgment should be reversed on July 22, 2010 and Bohannan's indictment in the criminal case alleged that Bohannan violated this civil-commitment judgment on numerous occasions between February 14, 2009 and April 24, 2011). The State did not re-prosecute Bohannan in the

civil-commitment case upon issuance of the Beaumont Court's mandate in that case apparently because of the life sentence Bohannan received in the criminal case.

The Legislature could not have possibly intended for a person like Bohannan to be sent to prison for life for violating a nonfinal, reversed-on-appeal civil-commitment order that no one can be sure should have ever been entered in the first place because the trial court prevented this person from presenting a defense when it excluded his only expert and because the State decided not to re-prosecute the civil-commitment case once the State obtained a lengthy prison sentence in the criminal case. Construing the term "adjudicated" in Section 841.085(a) to include an appeal and issuance of the appellate court's mandate would prevent this from happening.

The Beaumont Court recently handed down an opinion that could be read as deciding that a person's status as an "adjudicated" sexually violent predator when he violated the civil-commitment requirements is a defensive issue and not an element of the offense that the State is required to prove under Section 841.085(a). *See Smith v. State*, 2014 Tex. App. LEXIS 10117 (Tex. App.—Beaumont, delivered September 10, 2014, no pet.) (mem. opinion). According to the Beaumont Court's opinion in *Smith*, Smith filed a motion to quash his indictment claiming (as Mr. Stevenson does in this case) that he could not be criminally

prosecuted for violating a civil-commitment order that was nonfinal and still on appeal. *See Smith*, 2014 Tex. App. LEXIS 10117 at \*3. The Beaumont Court, however, reframed this issue[2] and decided, "Smith's argument that he was not required to comply with an order that had been appealed is a defensive theory that is not relevant to whether the indictment should have been quashed." *See id*.

The Beaumont Court's opinion in *Smith* should have no precedential value in deciding the issue presented here as this decision did not address this issue. With respect to the issue that it did address, no claim has been made in this case that Mr. Stevenson "was not required to comply with an order that had been appealed." The claim is that he cannot be criminally prosecuted for violating this order. To the extent that the Beaumont Court's decision in *Smith* could be read to suggest that the issue presented here is a defensive issue, this decision is contrary to well-settled law. *See generally Giesberg v. State*, 984 S.W.2d 245 (Tex. Crim. App. 1998) (discussing what does and does not constitute a defensive issue).

Without any analysis or citation to any authority, the Beaumont Court also stated in Bohannan's appeal in his criminal case for violating the civil-commitment order that Bohannan violated this civil-commitment order "at a time when Bohannan had the status of a sexually violent predator." *See Bohannan*, 2014 Tex.

---

[2] *But see Austin v. State*, No. PD-1431-14 (Tex. Crim. App., delivered March 18, 2015) (*per curiam* opinion not designated for publication) (court of appeals "erroneously re-framed the issue raised" when it should have addressed the argument that was actually raised).

10

App. LEXIS 11825 at *6.  This statement, however, is *dicta* and of no precedential value as no issue of Bohannan's status as a sexually violent predator (much less an "adjudicated" sexually violent predator) was ever raised in that case and this statement was not necessary to the decision in that case.

## PRAYER

SCFO requests that this Court consider this amicus curiae brief in disposing of the fourth question presented for review in Mr. Stevenson's discretionary-review petition.

Respectfully submitted,

STATE COUNSEL FOR OFFENDERS

  /s/ John Moncure
John Moncure
State Bar of Texas No. 14262800
P. O. Box 4005
Huntsville, TX  77342
(512) 406-5969
(512) 406-5960 (fax)
E-mail:  John.Moncure@tdcj.texas.gov

# CERTIFICATE OF SERVICE

I certify that a true and correct copy of this amicus curiae brief was served upon appellant's attorney and the State's attorneys by one or more of the following: certified mail (return receipt requested), facsimile transfer, or electronic mail (e-mail), on this 11th day of May, 2015.

R. Scott Walker
222 W. Exchange Ave.
Fort Worth, Texas 76164

Sharen Wilson
Tarrant County District Attorney
401 West Belknap
Fort Worth, Texas 76196

Lisa McMinn
State Prosecuting Attorney
P.O. Box 12405
Austin, Texas 78711

/s/ John Moncure
John Moncure

# CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limitation of Texas Rule of Appellate Procedure 9.4(i)(2)(D) because this brief contains 1,837 words.

/s/ John Moncure
John Moncure
Attorney for Petitioner