Michael Bohannan #1841746
9601 Spur 591
Amarillo, Texas 79107-9606
May 27, 2015

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 04 2015

Abel Acosta, Clerk

FILED IN
COURT OF CRIMINAL APPEALS

JUN 03 2015

Abel Acosta, Clerk

Clerk of the Court
Texas Court of Criminal Appeals
P.O. Box 12308, Capitol Station
Austin, Texas 78711-2308

Re: Bohannan v. State
    No. PD-0347-15

Dear Clerk:

    Last week I mailed you my Petition for Discretionary Review
in the above styled and numbered cause. I have found that Page
Two contained a drafting error. I have enclosed a corrected Page
Two and would ask that you please substitute it for the erroneous
page previously sent. By copy of this letter, I am also providing
the Asst. Dist. Att'y a copy of the corrected Page Two.

    I am enclosing an additional copy of this letter for
file stamping to verify receipt and substitution. Please return
it to me in the postpaid envelope provided.

    Thank you for your time and help and please accept my
apology for this extra hassle.

                              Sincerely,

                              Michael W. Bohannan
                              806-381-7080

cc: William Delmore
    file

<u>Jimenez</u>, 361 S.W.3d 679, 683 (Tex.Crim.App. 2012). App. Op @ 7-8.

Initially, Bohannan would note that Texas Health and Safety Code Chapter 841 does not address whether or not the stigmatizing and qualitatively different criminal punishment that civil committees are subjected to applies while the very legality and constitutionality of that commitment is pending resolution through the appellate process.[3] And more so, whether it applies after an appellate court has already determined a commitment order should be reversed.

The appellate court's reliance on <u>Jimenez</u> is, at best, misplaced. Jimenez was convicted of possession of a firearm while, at the time of that possession, being a convicted felon, under a final criminal judgment. While that judgment was later overturned in a habeas action, this court found that the conviction for felon in possession should stand because he was one at the time of his possession. <u>Jimenez</u>, 361 S.W.3d 679.

Bohannan was convicted of committing a civil commitment violation which occurred on April 24, 2011. CR 280-82. This was after Bohannan had obtained the appellate court's determination that he had not been provided the process he was due to be committed. a determination which the State appealed. In the criminal realm, a prior judgment cannot be used in the punishment of a later act unless it is a "final" judgment. In <u>Jimenez</u>, the prior criminal judgment was final at the time it was used to prove felon in possession (and apparently final at the time of that possession as well). In this case, the civil commitment remained on appeal at the time of every violation alleged against Bohannan; acts which could only be criminal through a valid commitment judgment. And

- 2 -

---

[3] See Footnote #1.

[4] There is no Footnote #4