

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-80,561-02

### EX PARTE JERRELL BELL, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS IN CAUSE NO. 1356023-A FROM THE 338TH DISTRICT COURT HARRIS COUNTY

ALCALA, J., filed a dissenting opinion in which RICHARDSON and WALKER, JJ., joined.

### DISSENTING OPINION

Today, this Court upholds a conviction for felon in possession of a firearm against Jerrell Bell, applicant, even though the trial court and the State agree and recommend that his conviction should be set aside. I would grant habeas relief to applicant. Applicant is entitled to relief because the confluence of two critical mistakes made by the State should not result in a criminal conviction for an offense that never factually occurred. First, applicant pleaded guilty to possession of a controlled substance, but that offense was later vacated

because a laboratory report showed that he did not actually possess any controlled substance. Second, despite becoming aware that applicant was not factually guilty of possession of a controlled substance as shown by the laboratory report, the State nonetheless used that conviction as the predicate felony to charge him with felon in possession of a firearm, and he pleaded guilty to that offense before learning of the laboratory report. Under these circumstances that show that the State knew that applicant was not actually guilty of the predicate felony used to charge him as a felon in possession of a firearm, this Court should grant habeas relief to applicant. Because this Court denies habeas relief to applicant, I respectfully dissent.

## I. Background

In May 2011, applicant pleaded guilty to possession of a controlled substance, but subsequent developments showed that he was factually not guilty of that offense. Eight months after he pleaded guilty, in January 2012, laboratory testing revealed that the substance applicant had possessed was not actually a controlled substance. By the time that the laboratory testing was completed, however, applicant had discharged his 120-day sentence in the county jail, and thus he could not be immediately notified about the favorable laboratory results. To ensure that he was made aware of the laboratory results, the State asked the trial court to appoint counsel in order to locate and notify applicant about the results and to assist him in seeking post-conviction relief on the basis of those results. In May 2013, about two years after applicant pleaded guilty to the controlled-substance offense,

counsel located applicant, revealed the favorable information to him, and, in October 2013, assisted him with filing an application for post-conviction habeas relief on the basis of the exculpatory lab results. In December 2013, this Court granted applicant's initial application for habeas relief by setting aside his drug-possession conviction. *See Ex parte Bell,* No. WR-80,561-01, 2013 WL 6706103, at *1 (Tex. Crim. App. Dec. 18, 2013) (not designated for publication). In its order granting applicant relief, this Court stated,

> Laboratory testing conducted after Applicant's conviction shows that the substance he possessed was not a controlled substance. The trial court has determined that the Applicant has proven by clear and convincing evidence that no reasonable juror would have convicted him in light of the new evidence. Based on the trial court's findings and conclusions and our own review of the entire record, we find that Applicant is entitled to relief.

*Id.* (citing *Ex parte Tuley,* 109 S.W.3d 388, 392 (Tex. Crim. App. 2002); *Ex parte Elizondo,* 947 S.W.2d 202, 207 (Tex. Crim. App. 1996)). In short, because the laboratory results showed no presence of a controlled substance, this Court determined that applicant was factually not guilty of possession of a controlled substance, and it granted him relief.[1]

In July 2012, in the interim between applicant's plea of guilty to possession of a controlled substance and this Court's decision to set aside that conviction, applicant was

---

[1] I note here that, although this Court granted applicant relief from his drug conviction on the basis of actual innocence, that decision was made prior to this Court's opinion in *Ex parte Mable*, 443 S.W.3d 129, 130-31 (Tex. Crim. App. 2014) (suggesting that actual-innocence relief is not appropriate in similar circumstances because "the term 'actual innocence' applies only in circumstances where the accused did not actually commit the charged offense or any possible lesser included offenses," and a defendant who pleads guilty to possession of a controlled substance but later discovers that he did not in fact possess a controlled substance may nevertheless have "attempted to possess a controlled substance (which is a lesser included offense[ ] of possession)").

indicted for the offense of felon in possession of a firearm. The State relied on applicant's conviction for possession of a controlled substance to show that he was a convicted felon who was not permitted to possess a firearm. But, as explained above, in actuality, applicant was factually not guilty of possession of a controlled substance, as evidenced by this Court's later setting aside of that conviction. Further, at the time of applicant's indictment for the felon-in-possession charge, the State was already on notice of the infirmity in applicant's underlying drug-possession conviction and of the likelihood that the drug conviction would be set aside. Thus, in truth, applicant never should have been indicted for being a felon in possession of a firearm because guilt for that offense was predicated on his guilt for possession of a controlled substance, which was an offense that the State knew applicant had not committed. In March 2013, however, despite the fact that he was factually not guilty of the predicate felony that was used to establish that he was a felon, applicant pleaded guilty to being a felon in possession of a firearm, with his sentence for that offense to run concurrently with another sentence for a different charge. At the time of this plea, although the State was in possession of the laboratory report that showed that applicant was factually not guilty of possession of a controlled substance, the State did not notify applicant of the laboratory report during the course of the proceedings in the felon-in-possession case. Thus, because he had not yet been notified about the favorable laboratory results, applicant was still unaware that he was factually not guilty of possession of a controlled substance at the time of his guilty plea to the felon-in-possession-of-a-firearm charge.

Today, the instant habeas application requests that this Court grant applicant habeas relief from his conviction for being a felon in possession of a firearm on several grounds, including a claim that his plea of guilty to that offense was made unknowingly and involuntarily. The habeas court in the instant case has recommended that this Court grant relief to applicant, and the State agrees with that recommendation. This Court, however, denies habeas relief to applicant.

## II. Analysis

In his application for a post-conviction writ of habeas corpus, applicant alleges that his plea of guilty to the offense of felon in possession of a firearm was rendered involuntary because, at the time of his plea, he was unaware that the predicate-felony conviction for possession of a controlled substance used to establish that he was a convicted felon was invalid on the basis that the laboratory report revealed that he did not possess any controlled substance. *See Ex parte Mable*, 443 S.W.3d 129, 131 (Tex. Crim. App. 2014).

In *Mable*, this Court observed that a guilty plea "cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts." *Id*. We explained that "the defendant must have sufficient awareness of the relevant circumstances" and that the "standard is whether the plea is a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Id*. In *Mable*, Mable had pleaded guilty to possession of a controlled substance, but forensic testing conducted after the guilty plea demonstrated that the substance "did not actually contain any illicit materials." *Id*. at 130.

That fact was "crucial to [Mable's] case," we explained, because "operating under such a misunderstanding, [Mable] cannot be said to have entered his plea knowingly and intelligently." *Id*. at 131.

Citing to our decision in *Mable*, the habeas court recommended that this Court grant applicant relief. *See id*. In the agreed findings of fact and conclusions of law, the parties conclude that applicant is entitled to relief on the basis of his involuntary plea claim. The habeas court's findings and conclusions state,

> Since Applicant was not informed of the January 10, 2012 laboratory report prior to his plea of guilty to felon in possession of a firearm, it is not a "voluntary and intelligent choice" given that the laboratory report for the underlying felony possession of a controlled substance later indicated that the relevant evidence did not contain a controlled substance. Therefore, his plea of guilty, was not a "voluntary and intelligent choice among the alternative courses of action open to the defendant."

Importantly, at the time that applicant pleaded guilty to felon in possession of a firearm, the State was aware of the laboratory report that showed that applicant was factually not guilty of the predicate felony of possession of a controlled substance and that applicant could have his conviction set aside by this Court. However, applicant was not made aware of that fact prior to his making his plea of guilty. Thus, the habeas court correctly determined that applicant was unaware of facts that were material to his decision whether to plead guilty and thus his plea of guilty was not voluntarily or intelligently made.

The instant case is somewhat analogous to *Cuellar v. State*, 70 S.W.3d 815 (Tex. Crim. App. 2002). In *Cuellar*, this Court affirmed the judgment of the court of appeals that

Cuellar was not guilty of being a felon in possession of a firearm because his prior, underlying conviction for heroin possession had been set aside more than fifteen years before he possessed the firearm giving rise to the felon-in-possession charge. *Id.* at 816-17, 820. This Court explained that, because his underlying felony conviction had been set aside, Cuellar was "not a convicted felon," and, thus, the evidence was insufficient to support his felon-in-possession conviction, which would require proof of a valid predicate felony conviction. *Id.* at 820. On the one hand, applicant's case is similar to *Cuellar* in the sense that, at the time that he was found to be in possession of a firearm, the validity of his underlying drug-possession conviction had already been seriously undermined because the State was aware that he was not guilty of possession of a controlled substance. On the other hand, applicant's situation is different from *Cuellar* in that applicant's conviction had yet to be formally set aside at the time that he was charged with being a felon in possession of a firearm. But that difference should not control in this case. The State knew as of January 2012 that laboratory testing had revealed that the substance applicant possessed was not a controlled substance, and, at that time, the State asked the trial court to notify applicant about that fact so that he would be able to seek post-conviction relief from his conviction. In December 2013, about six months after applicant was finally notified of the laboratory results, this Court set aside his conviction for possession of a controlled substance. Thus, had applicant been apprised of the test results immediately, his conviction would have already been set aside at the time that he was charged with being a felon in possession of a firearm,

which is similar to the situation that occurred in *Cuellar*. Applicant should not be penalized due to the fact that it took the court-appointed counsel one-and-a-half years to locate applicant and inform him of the exculpatory laboratory results. In sum, the fact that applicant was known by the State and trial court to be factually not guilty of possessing a controlled substance before he possessed the firearm makes his case similar to *Cuellar* and supports the position that applicant should not have been convicted of being a felon in possession of a firearm. More importantly, it shows that, by entering his guilty plea without having had the benefit of such information, applicant did not have the necessary understanding of the facts needed to make his guilty plea to being a felon in possession of a firearm knowing and voluntary. *See Mable*, 443 S.W.3d at 131.

Applicant's case is distinguishable from the claim that was at issue in our decision in *Ex parte Jimenez*, 361 S.W.3d 679 (Tex. Crim. App. 2012). In *Jimenez*, this Court held that a conviction for felon in possession of a firearm is "not void if the predicate felony conviction is subsequently set aside." *Id*. at 683-84. We explained that, although Jimenez's conviction for the predicate felony of rape of a child had been set aside on the basis of ineffective assistance of counsel, that fact did not entitle him to relief from his conviction eight years prior for unlawfully possessing a firearm as a felon. *Id*. In explaining our reasoning, we distinguished our holding in *Cuellar* by noting that, whereas Cuellar's "predicate felony conviction was set aside *before* he possessed the firearm which led to his being arrested," in contrast, Jimenez's underlying felony conviction was set aside long after

he had already been convicted of unlawfully possessing a firearm as a felon. *Id*. at 683. We concluded that, "[t]o obtain a valid conviction for unlawful possession of a firearm by a felon, the State must prove a defendant's felony status at the time of the possession of the firearm," and thus we declined to hold that Jimenez's conviction for felon in possession was void. *Id*. at 683-84.

In applicant's case, however, unlike in *Jimenez* where the predicate felony was set aside long after Jimenez was convicted of being a felon in possession of a firearm, applicant's predicate felony had already been called into serious doubt before he possessed the firearm, and, at the time of applicant's indictment for felon in possession of a firearm, the State was aware that he was factually not guilty of possession of a controlled substance. *Jimenez*, therefore, is distinguishable, and the reasoning of that case thus does not provide a sound basis upon which to deny applicant relief.

Perhaps more importantly, this applicant, unlike in *Jimenez*, is not arguing that his conviction for possessing a firearm must be set aside because it is void. Rather, applicant is instead presenting a constitutional challenge to his conviction on the basis that it was the product of an involuntary and unknowing guilty plea. This distinction is critical. We denied relief in *Jimenez* because we concluded that setting aside the predicate conviction did not automatically void or invalidate the later felon-in-possession conviction. *Id*. at 683-84. We noted that, even if the underlying felony conviction were subject to collateral attack on constitutional grounds, it could still serve as a predicate felony conviction to support a charge

of felon in possession of a firearm. *Id*. at 682-83; *but see Ex parte Lea*, 505 S.W.3d 913 (Tex. Crim. App. 2016) (holding that a facially unconstitutional statute is void from its inception and thus conviction pursuant to that invalid statute is for "an offense that never existed" and is similarly void). In applicant's case, the complained of infirmity concerns the voluntariness of his guilty plea for possession of a firearm, and it is not a *Jimenez*-type complaint that his conviction for felon in possession of a firearm is void due to the infirmity of the predicate felony. Thus, applicant's claim is not dispositively resolved by our analysis in *Jimenez*. Because applicant's challenge is one asserting that his plea to the felon-in-possession charge was involuntarily made due to his lack of awareness of the exculpatory laboratory report, the issue here is whether he possessed adequate knowledge to validly waive his right to a jury trial and plead guilty, as compared to *Jimenez*'s issue that focused on whether Jimenez's conviction was void due to the invalidity of the predicate felony.

In sum, had he been more timely notified of the favorable laboratory report in the drug-possession case, applicant could have decided whether to plead guilty to being a felon in possession of a firearm with full awareness of the fact that he was factually not guilty of the underlying drug-possession offense and could seek relief from that predicate conviction. This would have afforded applicant the opportunity to have made an intelligent choice among the alternative courses of action open to him. Although the State had made efforts to inform applicant about the laboratory report, it nonetheless used that concededly invalid conviction as the predicate felony in this case, knowing that applicant was not guilty of that offense.

Moreover, had he been timely informed of the laboratory test results, applicant probably could have obtained relief from his conviction for possession of a controlled substance before being charged in the felon-in-possession case. In that situation, his case would be indistinguishable from *Cuellar*, and thus he would clearly be entitled to relief.

The State appears to acknowledge the mistakes that occurred in this case, and it is apparently attempting to rectify the lapses by recommending to this Court that applicant be granted relief from the instant conviction. I commend the district attorney's office for these efforts. In light of the fact that everyone involved in this case—applicant, the State's attorneys, and the trial court judge—agree and recommend that applicant should be granted relief, and there are facts that support that recommendation, this Court should defer to the trial court's assessment that applicant's plea to being a felon in possession of a firearm was unknowing and involuntary. I would follow the trial court's recommendation to grant relief to applicant.

### III. Conclusion

This conviction should be set aside because it is the result of a confluence of two critical mistakes by the State. First, applicant was convicted of possession of a controlled substance even though a laboratory report later showed that he did not possess any controlled substance. Second, he was convicted of being a felon in possession of a firearm even though the predicate felony used to show that he was a felon was the possession of a controlled substance conviction for which he was factually not guilty. Applicant has already obtained

habeas relief for the first mistake as to the possession charge, and he is entitled to relief for the second mistake as to the firearm charge. This Court's majority order denies his request for relief, but I would grant it. I, therefore, respectfully dissent.

Filed: March 1, 2017

Publish