

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-80,561-02

### EX PARTE JERRELL BELL, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1356023-A IN THE 338TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*. ALCALA, J., filed a dissenting opinion in which RICHARDSON and WALKER, JJ., joined.

### **O R D E R**

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to unlawful possession of a firearm by a felon, and was sentenced to seven years' imprisonment. He did not appeal his conviction.

Applicant contends, among other things, that his plea was not knowingly and voluntarily entered. The trial court in this case finds that Applicant's plea of guilty to unlawful possession of a firearm by a felon was not made with a full understanding of the law in relation to the facts, and

was not a voluntary and intelligent choice among the alternative courses of action open to him because Applicant did not receive actual notice that his underlying felony conviction for possession of a controlled substance was infirm at the time entered his guilty plea in this case. After Applicant pleaded guilty in this case, his underlying felony conviction was vacated in a habeas proceeding.

However, the recommendation to grant relief is contrary to this Court's holding in *Ex parte Jimenez*, 361 S.W.3d 679 (Tex. Crim. App. 2012). In *Jimenez*, this Court held that the fact that Applicant's underlying felony conviction had been subsequently vacated did not entitle him to relief because at the time he possessed a firearm, he had the status of a felon. In this case, as in *Jimenez*, Applicant had the status of a felon at the time he possessed a firearm, although his underlying conviction was later vacated in a habeas corpus proceeding. Therefore, his involuntary plea claim is without merit. This Court has reviewed his other claims, and also finds them to be without merit. Relief is denied.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Filed: March 1, 2017
Do not publish