Paul Vance NIXON, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–05–00717–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

June 8, 2006.

Joseph W. Varela, Paul Vance Nixon, Houston, for Appellant.

Charles A. Rosenthal, Jr., Dist. Atty.–Harris County, Dan McCrory, Asst. Dist. Atty., Houston, for Appellee.

Panel consists of Chief Justice RADACK and Justices TAFT and NUCHIA.

## OPINION

SAM NUCHIA, Justice.

Appellant, Paul Vance Nixon, was charged by indictment with the offense of unlawful labeling with one enhancement alleging a prior felony conviction. Without a punishment agreement with the State, appellant pleaded guilty to the charge and true to the enhancement. The trial court found appellant guilty as charged and the enhancement paragraph true and assessed punishment at three years' confinement. Appellant appealed, contending that his plea was involuntary because the trial court's admonishment stated an incorrect range of punishment and the trial court erred in considering an invalid enhancement for the purpose of sentencing appellant. We affirm.

## BACKGROUND

Appellant was indicted for possession, for commercial advantage and private gain, of at least 65 recordings of DVD movies during a 180–day period for which the outside cover did not clearly and conspicuously disclose the name and address of the manufacturer, a violation of section 35.94 of the Texas Business and Commerce Code. Section 35.94 provides,

An offense under this section is punishable by:

(1) a fine of not more than $250,000, imprisonment for not more than five years, or both, if:

(A) the offense involves at least 65 unauthorized recordings during a 180–day period; or

(B) the defendant has been previously convicted under this section;

(2) a fine of not more than $250,000, imprisonment for not more than two years, or both, if the offense involves more than seven but less than 65 unauthorized recordings during a 180–day period; or

(3) a fine of not more than $25,000, confinement in the county jail for not more than one year, or both for any other offense.

TEX. BUS. & COM.CODE ANN. § 35.94(b) (Vernon 2002).

At the punishment hearing, the State asserted that a finding of true to the enhancement paragraph raised appellant's punishment range from a third degree to a second degree felony. The punishment range for a second degree felony is not more than 20 or less than 2 years imprisonment. *See* TEX. PEN.CODE ANN. § 12.33(a) (Vernon 2003). The trial court assessed punishment at three years in prison, and appellant appealed.

## DISCUSSION

### Range of Punishment

In his first issue, appellant contends that the trial court erred by admonishing him as to the wrong range of punishment, thus rendering his plea involuntary. Appellant argues that his punishment range was fixed by statute at up to five years imprisonment and a fine of not more than $250,000, or both. Recognizing that there is a similarity between the punishment scheme in the non-penal code offenses of illegal labeling of recordings [1] and failure to stop and render aid, *see* TEX. TRANSP. CODE ANN. § 550.021(c) (Vernon 1999), appellant attempts to distinguish the two offenses by asserting that the statute governing the labeling violation contains its own enhancement scheme, while the failure-to-stop statute does not.

Section 35.94 does not contain an enhancement scheme. Rather, the increased punishment scheme in the statute relates to the grade of the offense. A graded offense is one for which the offender is subject to a more severe penalty for a higher grade than for a lower grade of the offense. *Bruns v. State,* 22 S.W.3d 540, 543 (Tex.App.-El Paso 2000, no pet.). Examples of such graded offenses are theft,[2] driving while intoxicated,[3] and assault.[4]

---

1. Failure to stop and render aid is punishable by imprisonment for not more than five years or confinement in the county jail for not more than one year; a fine not to exceed $5,000; or both the fine and imprisonment or confinement. TEX. TRANSP. CODE. ANN. § 550.021(c) (Vernon 1999).

2. TEX. PEN.CODE ANN. § 31.03 (Vernon Supp. 2005) (having grades from class C misdemeanor through first degree felony, depending on value of property stolen).

3. TEX. PEN.CODE ANN. 49.04, 49.09 (Vernon 2003 & Supp.2005) (having grades from class B misdemeanor through third degree felony and varying the punishment that may be im-

Each of these offenses, when elevated by its grade-of-offense provisions to a felony, is also subject to the general enhancement statute for the purpose of increasing punishment. *See* Tex. Pen.Code. Ann. § 12.42 (Vernon Supp.2005).

The grade-of-offense provisions in section 35.94 provide for different punishments depending on the number of unauthorized recordings in the accused's possession and the existence of a previous conviction under that section. The section does not provide for any enhancement of the highest level of punishment—a fine of not more than $250,000, imprisonment for not more than five years, or both.

In *Childress v. State*, the Court of Criminal Appeals, in considering the failure-to-stop-and-render-aid statute, held that section 12.41 of the Penal Code, which provides that "any conviction not obtained from a prosecution under [the Penal Code] shall be classified ... as [a] 'felony of the third degree' if imprisonment in a penitentiary is affixed to the offense as a possible punishment," applies to the offense *to be* enhanced under subchapter D of the Penal Code. 784 S.W.2d 361, 365 (Tex.Crim. App.1990). Like the failure-to-stop-and-render-aid statute, section 35.94 is not classified in the terms of the Penal Code. Nevertheless, imprisonment in a penitentiary is a possible punishment under section 35.94. Therefore, for the purpose of enhancement and consistent with *Childress*, it is classified as a third-degree felony and, with one enhancement, is punishable as a second-degree felony. *See* Tex. Pen.Code Ann. § 12.42(a)(3) (Vernon Supp. 2005). Accordingly, we hold that the trial court did not admonish appellant with the wrong range of punishment. We overrule appellant's first issue.

**Validity of Enhancement**

In his second issue, appellant contends, "The court erred in considering for purposes of sentencing an enhancement that was invalid." Appellant does not assert that the conviction used for enhancement was invalid. Rather, he appears to argue that his primary offense was not subject to enhancement and refers us to his first issue. Because we have already determined that the offense under section 35.94 is subject to enhancement when punishable by imprisonment, we hold that the enhancement was valid. We overrule appellant's second issue.

**CONCLUSION**

We affirm the judgment.

---

posed on class B misdemeanor, depending on the circumstances of the offense and the number, if any, of previous convictions).

4. Tex. Pen.Code Ann. § 22.01 (Vernon Supp. 2005) (having grades from class B misdemeanor through third degree felony, depending on the accused's relationship with the victim or the status of the victim).