

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-76,775

### EX PARTE KENNETH CARNER, Applicant

### ON APPLICATION FOR WRIT OF HABEAS CORPUS
### CAUSE NO. 007-0386-10 IN THE 7TH DISTRICT COURT FROM SMITH
### COUNTY

**HERVEY, J., delivered the opinion of the Court in which KELLER, P.J., and PRICE, WOMACK, JOHNSON, KEASLER, COCHRAN and ALCALA, JJ., joined. MEYERS, J., not participating.**

### O P I N I O N

Applicant, Kenneth Carner, was convicted of evading arrest. Pursuant to Section 38.04(b)(1)(A), he was found guilty of a state-jail felony that was enhanced to a second-degree felony. TEX. PENAL CODE § 38.04(b)(1)(A). Applicant argues that his state-jail-felony conviction is void because the offense alleged was committed before the effective date of the statute under which he was tried, convicted, and sentenced. We hold that, because the date of Applicant's prior conviction is not an element of the offense, Applicant is not entitled to relief.

## BACKGROUND

In 2009, the Texas Legislature amended the offense of evading arrest by expanding the circumstances under which a person is subject to prosecution.[1] Before the amendments took effect, a person was guilty of state-jail-felony evading arrest if the actor used a vehicle while in flight *and* the actor had no prior convictions for evading arrest.[2] TEX. PENAL CODE ANN. § 38.04 (2001). After the amendments became effective, a person was guilty of state-jail-felony evading arrest if the actor has been previously convicted of evading arrest *or* if the actor used a vehicle while in flight and has no prior conviction for evading arrest.[3] TEX. PENAL CODE ANN. § 38.04 (2009). The effective

---

[1]Act of May 27, 2001, 77th Leg., R.S., ch. 1480, § 38.04, sec. 1, 2001 Tex. Gen. Laws 5265, 5265, *amended by* Act of May 30, 2009, 81st Leg., R.S., ch. 1400, § 38.04(b), sec. 4, 2009 Tex. Gen. Laws 4385, 4386.

[2]Before September 1, 2009, Section 38.04(b) of the Penal Code designated the offense of evading arrest as,

> (1) a state jail felony if the actor uses a vehicle while the actor is in flight and the actor has not been previously convicted under this section[.]

TEX. PENAL CODE ANN. § 38.04(b)(1) (2001).

[3]We confine our discussion of evading arrest to the statute only as it existed directly preceding the September 2009 amendments and directly after those amendments. Since 2009, the offense of evading arrest has been amended three times, and we express no opinion as to how subsequent amendments have affected the statute. At the time of the offense, the Texas Penal Code defined evading arrest as,

> (1) a state jail felony if:
>      (A) the actor has been previously convicted under this section; or
>      (B) the actor uses a vehicle while the actor is in flight and the actor has not
>      been previously convicted under this section[.]

TEX. PENAL CODE ANN. § 38.04(b)(1) (2009).

date of the 2009 amendments was September 1, 2009. The enabling legislation also contained a savings clause stating,

> The change in law made by this Act applies only to an offense committed on or after the effective date of this Act. An offense committed before the effective date of this Act is covered by the law in effect when the offense was committed, and the former law is continued in effect for that purpose. For purposes of this section, an offense was committed before the effective date of this Act if any element of the offense was committed before that date.

Tex. H.B. 221, 81st Leg., R.S. (2009). Applicant was charged with evading arrest "on or about February 14, 2010." The indictment alleged that Applicant had been previously convicted of evading arrest on November 5, 2008.

## DISCUSSION

In construing a statute, we must "seek to effectuate the 'collective' intent or purpose of the legislators who enacted the legislation." *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991). To determine whether the Legislature intended for a fact to constitute an element of an offense, we interpret the plain language of that statute. *Calton v. State*, 176 S.W.3d 231, 233 (Tex. Crim. App. 2005); *State v. Mason*, 980 S.W.2d 635, 638 (Tex. Crim. App. 1998). However, if the language of the statute is ambiguous or interpreting the plain language would lead to an absurd result, then we can resort to extra-textual factors to ascertain the elements of an offense. *Calton*, 176 S.W.3d at 233; *Boykin*, 818 S.W.2d at 785. The general rule is that the statute governing an offense is the one in effect at the moment the defendant allegedly committed the charged crime. *See*

*Ex parte Jimenez*, AP-76,575, 2012 WL 385121, at *4 (Tex. Crim. App. Feb. 8, 2012) (holding that the State must prove the elements of an offense as they existed at the time the defendant is charged with having committed that crime); *Mason*, 980 S.W.2d at 638 (same). Applicant argues that the prior evading-arrest statute applies to him because the savings clause states that "an offense was committed before the effective date of this Act if any element of the offense was committed before that date," and his prior conviction for evading arrest became final before the 2009 amendments. We disagree.

In *State v. Mason*, this Court was asked to determine whether a prior conviction is an element of unlawful possession of a firearm by a felon. *Mason*, 980 S.W.2d at 636. On discretionary review, the appellee argued that the State was required to prove the date of his prior felony conviction, and because the date of his prior felony conviction preceded the effective date of the revised statute, he should have been charged under the former statute. *Id.* We disagreed and held that it was not the Legislature's intent for the date of the prior conviction to be considered an element of the offense. *Id.* at 641. Rather, we concluded that the Legislature intended for the defendant's status as a felon at the time of possession to be the relevant element of the offense. *Id.*

Recently we again addressed the issue of elements of an offense. *Jimenez*, 2012 WL 385121, at *4. In *Jimenez*, the applicant was also convicted of unlawful possession of a firearm by a felon. *Id.* at *1. After his conviction became final, the applicant sought, and was granted, relief from his predicate felony conviction. *Ex parte Jimenez*, No.

73,544 (Tex. Crim. App. Sept. 29, 1999) (per curiam) (not designated for publication). Subsequently, the applicant argued that his conviction for unlawful possession of a firearm by a felon was void because, even though he was still incarcerated, the State could no longer prove that he was a felon when he possessed the gun. *Jimenez*, 2012 WL 385121, at *1. We reaffirmed our holding in *Mason* and held that the State's burden required it to prove that the applicant had the status of a felon at the time he possessed the firearm. *Id.* at *4. And even though the applicant's prior felony conviction had been set aside on constitutional grounds, his conviction for unlawful possession of a firearm by a felon was not void because he had the status of a felon at the time of the charged offense. *Id.*

Like the requirement of a prior felony conviction in *Mason* and *Jimenez*, the necessity of a prior conviction in this case is an attendant circumstance to the crime that increases the severity of the offense. *See Weaver v. State*, 87 S.W.3d 557, 560 (Tex. Crim. App. 2002); *see also Calton*, 176 S.W.3d at 233-34. An attendant circumstance is "[a] fact that is situationally relevant to a particular event or occurrence." BLACK'S LAW DICTIONARY 260 (8th ed. 2004). In this case, the existence of a prior conviction for evading arrest is a circumstance of Applicant's conduct that is situationally relevant because, if proven true by the State, the offense is a state-jail felony and not a Class A misdemeanor. For example, in *Weaver*, we held that the requirement of "two (or more) prior intoxication-related offenses are specific attendant circumstances that serve to

define, in part, the forbidden conduct of the crime of felony driving while intoxicated." *Weaver*, 87 S.W.3d at 560 (emphasis removed). We went on to state that "if a person, such as appellant, commits DWI with the requisite attendant circumstances (i.e., two or more prior intoxication-related offenses), then that person has committed felony [as opposed to misdemeanor] DWI." *Id.* As seen in this example, attendant circumstances are often used in the Texas Penal Code to differentiate between different degrees of a crime. *See Calton*, 176 S.W.3d at 233-34; *Nixon v. State*, 196 S.W.3d 354, 355-56 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (discussing graded offenses and distinguishing graded offenses from enhancement schemes).

Although an attendant circumstance forms part of the prohibited conduct of a crime,[4] unlike other actus reus elements, attendant circumstances are more like historical facts showing that Applicant has engaged in prior conduct that was unlawful, and the attendant circumstance is either true or false at the moment Applicant allegedly committed the charged crime. This is in line with our holdings in *Mason* and *Jimenez*, in which we held that a defendant's felony status *at the time of the presently charged offense* constituted the element of the crime, not the date of the defendant's prior conviction. *Jimenez*, 2012 WL 385121, at *4; *Mason*, 980 S.W.2d at 641. In that way, the questions presented in *Mason* and *Jimenez* are similar to this case because the relevant question is whether, *at the time of the presently charged offense*, the defendant had a prior conviction

---

[4]*Weaver*, 87 S.W.3d at 560.

(in this case for evading arrest).

Our discussion of attendant circumstances also accords with this Court's rule that we determine the elements of an offense by interpreting the plain language of a statute. *See Calton*, 176 S.W.3d at 233-34; *Mason*, 980 S.W.2d at 638. The plain language of Section 38.04 reveals that, at the time of the offense, a person was guilty of state-jail-felony evading arrest if (1) he intentionally, (2) fled, (3) from a person, (4) he knew was a peace officer, (5) attempting lawfully to arrest or detain him, and (6) he had been previously convicted of that offense or (7) he used a vehicle while in flight but had no prior conviction. *See Calton*, 176 S.W.3d at 234; *see also* TEX. PENAL CODE ANN. § 38.04(b)(1) (2009).

Prior to the 2009 amendments, an actor was guilty of state-jail-felony evading arrest if he used a vehicle while in flight and the actor had no prior convictions for evading arrest. TEX. PENAL CODE ANN. § 38.04 (2001). After the 2009 amendments became effective, a person was guilty of state-jail-felony evading arrest if the actor has been previously convicted of evading arrest or if he used a vehicle while in flight and has no prior conviction for evading arrest. TEX. PENAL CODE ANN. § 38.04 (2009). Thus, the amendments affect only repeat offenders because, under the old statute, a person with a prior conviction would still be guilty of only a Class B misdemeanor. TEX. PENAL CODE ANN. § 38.04 (2001). However, under the new scheme, a person with a prior conviction for evading arrest or detention that is arrested again for the same crime is guilty of a state-

jail felony. TEX. PENAL CODE ANN. § 38.04 (2009). Therefore, the intent of the Legislature in passing the 2009 amendments was to punish a person who evades arrest or detention with a prior conviction more severely than a first-time offender, irrespective of whether a vehicle was used.[5] Moreover, interpreting the provision, "the actor has been previously convicted under this section . . . [,]"[6] to mean that the State must prove the date of a defendant's prior conviction defies the plain meaning of the provision, leads to absurd results, and is contrary to our case law. *See Mason*, 980 S.W.2d at 639.

We now address Applicant's argument that the prior version of the statute controls because an element of the offense (a prior conviction for evading arrest) was committed before the effective date of the amendments.

## APPLICATION

The State's burden in this case was two-fold. First, the State had to prove that Applicant evaded arrest or detention "on or about February 14, 2010." To meet this burden, the State had to show beyond a reasonable doubt that Applicant intentionally fled from a person he knew was a peace officer lawfully attempting to arrest or detain him. Proof of these elements is sufficient to convict Applicant of a Class A misdemeanor, and

---

[5]Subsequent to the 2009 amendments, the Legislature amended the offense of evading arrest to reflect that it is a state-jail felony "if the actor has been previously convicted under this section." TEX. PENAL CODE ANN. § 38.04(b)(1) (2011). However, now it is a third-degree felony if an offender used a vehicle or watercraft to evade arrest, regardless of whether he has a prior conviction for evading. *Id.* § 38.04(b)(2).

[6]TEX. PENAL CODE ANN. § 38.04(b)(1)(A) (2009).

the State met this burden. However, in this case the State also chose to allege and prove that, at the time Applicant was charged with evading arrest a second time, he had been previously convicted of evading arrest. This attendant circumstance to the crime elevated the severity of Applicant's offense from a Class A misdemeanor to a state-jail felony. *Compare* TEX. PENAL CODE ANN. § 38.04(b) (2009), *with* TEX. PENAL CODE ANN. § 38.04(b)(1)(A) (2009). Moreover, as we explained in *Mason* and *Jimenez*, the attendant circumstance here required the State to prove that, at the time of Applicant's presently charged offense, he had a prior conviction for evading arrest. *See* TEX. PENAL CODE ANN. § 38.04(b)(1)(A) (2009); *see also Jimenez*, 2012 WL 385121, at *4; *Mason*, 980 S.W.2d at 638. The date of Applicant's prior conviction is irrelevant to the State's burden of proof. The State met its second burden when it introduced proof that Applicant's 2008 conviction for evading arrest was final at the moment he evaded arrest a second time.

We hold that Applicant's state-jail-felony conviction is not void because the State's burden was to prove that Applicant evaded arrest "on or about February 14, 2010" and that, at the time he did so, he had previously been convicted of evading arrest. In this case, the State met that burden.

## CONCLUSION

At the time of the charged offense, the revised statute was already in effect, and Applicant was guilty of each element of the state-jail-felony offense of evading arrest. We hold that Applicant's state-jail-felony conviction is not void, and Applicant's request

for writ of habeas corpus is denied.

Hervey, J.

Delivered: April 25, 2012

Publish