**Opinion issued June 9, 2016**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-15-00336-CR

————————————

**FRANK WHITFIELD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 178th District Court
Harris County, Texas
Trial Court Case No. 1378719

## MEMORANDUM OPINION

Frank Whitfield pleaded guilty to evading arrest. Because he had been previously convicted of two felonies, the trial court imposed the minimum sentence of 25 years. Whitfield argues that his sentence should be modified to reflect a lesser sentence because (1) the trial court failed to consider evidence that

would support deferred adjudication and (2) his offense is a state-jail felony with a lower sentence range. We affirm.

## Background

The police initiated a traffic stop when the officers observed Whitfield failing to stop at a stop sign. He gave the police his identification, and the police told him that they intended to search his vehicle. At that point, Whitfield left the scene and drove directly to his house, which was less than two miles away. He parked in the driveway. The police physically restrained him as he was walking toward his front door and arrested him.

The indictment asserts that Whitfield intentionally fled from police who were attempting to detain him and "used a motor vehicle while he was in flight." The indictment includes allegations that Whitfield had two prior felony convictions: a 1992 attempted burglary of a habitation and a 2001 burglary of a habitation.

In March 2014, the trial court accepted Whitfield's plea of guilty for the offense of evading arrest and his pleas of true to the two prior felonies. Along with his plea, Whitfield signed "admonishments" given by the court. These included the following:

> <u>Habitual Offender</u>: if it is shown on the trial of a felony offense that the defendant has previously been finally convicted of two felony offenses . . . , on conviction he shall be punished by imprisonment . . . not less than 25 years;

2

Whitfield initialed next to the admonishment. Other surrounding admonishments were stricken through.

Whitfield pleaded guilty without an agreed sentence recommendation and with, instead, an understanding that a presentence investigation report would be prepared for the court's consideration. Whitfield asked the court to grant him "probation or deferred adjudication." He acknowledged that he was already on parole for an earlier conviction. While discussing the possibility of probation for this offense and the rules that would be imposed on him if it were granted, the following exchange occurred between the State's attorney and Whitfield:

> Q:     And if you don't follow those rules, you understand you can go back to TDC—
>
> A:     Yes, sir.
>
> Q:     —for 25 years to life in prison, correct?
>
> A:     Yes, sir.

At the conclusion of the hearing, Whitfield urged the trial court to grant probation. The State asked that he "be sentenced to the minimum, here, minimum 25 years TDC . . . ." The trial court deferred its ruling.

At a hearing almost one full year later, the trial court discussed the "dilemma" of choosing between deferred adjudication or a sentence that was statutorily required to be at least 25 years' confinement. The court specifically noted that he discussed the minimum sentence requirements with defense counsel.

3

The court also noted that Whitfield was requesting that the deferred adjudication run concurrently with his probation for the burglary conviction.

The trial court discussed the materials it found relevant to its decision to deny deferred adjudication and impose a minimum sentence: statements in the pre-sentence investigation report that Whitfield had no problems while on probation and had not tested positive for any drug tests; Whitfield's explanation that he fled from the traffic stop because he was in fear of the police; evidence that Whitfield drove directly to his home less than two miles away when he fled; letters submitted by several people supporting a lenient outcome; and evidence that Whitfield was taking multiple medications following a recent battle against cancer. The trial court weighed that information against Whitfield's criminal history, which included a felony of attempted burglary and another felony of burglary, Whitfield's denial that he owned the "crack pipe" the police found in his car when he was arrested, and Whitfield's assertion that the pipe was part of a police "set up."

The trial court announced its ruling by stating that, "as regrettable as it is," the court was sentencing Whitfield to the minimum of 25 years. Immediately following the announcement of the sentence, the trial court stated, "And for the record the Court feels this kind of case probably should be less than 25 years minimum." The trial court denied Whitfield's motion for new trial. Whitfield appealed.

4

**Challenge to Sentence Imposed**

In a single issue, Whitfield contends that his sentence should be modified "to reflect a lesser sentence according to [Sections] 12.42a(2) and 12.35 of the Texas Penal Code." Whitfield presents two arguments within this single issue. First, he argues that the trial court "failed to consider" various evidence that would support deferred adjudication. Second, he argues that this offense is a state-jail felony subject to enhancement under the habitual-felony-offender statute to a second-degree felony with a punishment range between two and 20 years, not a minimum sentence of 25 years. The trial court erred, according to Whitfield, by sentencing him to a period of confinement in excess of the 20-year maximum.

**A. Standard of review and applicable law**

After a plea of guilty, a judge may defer or suspend the imposition of a sentence and order community supervision if that is "in the best interest of justice, the public, and the defendant." TEX. CODE CRIM. PROC. ANN. art. 42.12 § 3(a) (West 2015). The court has "absolute and unreviewable discretion" to grant or deny the defendant's request. *Saldana v. State*, 493 S.W.2d 778, 778 (Tex. Crim. App. 1973); *see Flournoy v. State*, 589 S.W.2d 705, 707 (Tex. Crim. App. 1979).

If a trial court exercises its "absolute" discretion not to grant community supervision and the State demonstrates that the defendant is a habitual felony offender, the trial court cannot impose a sentence outside of the range specified in

the sentencing statute for habitual offenders. *See, e.g.*, TEX. PENAL CODE ANN. § 12.42(d) (West 2015) (stating that defendant "shall be punished . . . for any term of not more than 99 years or less than 25 years" if habitual felony offender).

To the extent we must construe the Penal Code to determine the applicable punishment range, we are presented with a legal question that we review de novo. *See State v. Gonzalez*, 82 S.W.3d 322, 327 (Tex. 2002) (holding that statutory construction presents a legal question reviewed de novo).

## B. Denial of deferred adjudication

Trial courts are granted a large degree of discretion to determine whether to defer or suspend a criminal sentence. *See Saldana*, 493 S.W.2d at 778. The trial court indicated that it reviewed the materials presented to it, including the presentence investigation report and Whitfield's testimony, before rejecting Whitfield's request that his sentence be deferred. We will not supplant the court's reasoned judgment on this issue with our own.

## C. Correct sentence range

A person commits an offense of evading arrest or detention if he "intentionally flees from a person he knows is a peace officer . . . attempting lawfully to arrest or detain him." TEX. PENAL CODE ANN. § 38.04(a) (West 2015). The statute was amended in 2011 to designate the offense a state-jail felony if the actor uses a vehicle while in flight but a third-degree felony if the actor uses a

vehicle *and* has been previously convicted under the section. *Id.* § 38.04(b)(1–2), as amended by Acts 2011, 82nd Leg., ch. 391 (S.B. 496), § 1 and Acts 2011, 82nd Leg., ch. 839 (H.B. 3423), § 4.

The statute was amended a second time—also in 2011—to further change Subsection (b). *Id.* § 38.04(b)(1–2), as amended by Acts 2011, 82nd Leg., ch. 839 (H.B. 3423), § 4 and Acts 2011, 82nd Leg., ch. 920 (S.B. 1416), § 3. Under the revised Subsection (b), the offense is a state-jail felony if the actor has been previously convicted under the section but a third-degree felony if the actor uses a vehicle while in flight regardless of any prior convictions under the section. The second amendment to Subsection (b) resolves the issue in this appeal. *See Adetomiwa v. State*, 421 S.W.3d 922, 925–27 (Tex. App.—Fort Worth 2014, no pet.) (discussing multiple amendments to evading arrest statute).

Whitfield's view of the applicable punishment range is based on the first version of Subsection (b), which specified that the offense of evading an arrest with a vehicle is a state-jail felony unless there had been a prior conviction under the section. But that is not the version that applies to his 2013 offense. The more recent version of Subsection (b) applies, and it provides that an offense is a third-degree felony if one uses a vehicle, regardless if there has been a prior conviction. TEX. PENAL CODE ANN. § 38.04(b); *Ex parte Carner*, 364 S.W.3d 896, 899 n.5

7

(Tex. Crim. App. 2012); *see Mims v. State*, 434 S.W.3d 265, 270 (Tex. App.—Houston [1st Dist.] 2014, no pet.).

Because Whitfield was charged with evading arrest with a motor vehicle, the offense is a third-degree felony and his punishment is subject to enhancement by the habitual-felony-offender statute. *See* TEX. PENAL CODE ANN. § 12.42(d) (providing that felony offense, other than state-jail felony, is subject to punishment enhancement if actor has two prior final felony convictions). Accordingly, we must look at the enhancement allegations to which Whitfield pleaded true to determine if they qualify.

The 2001 burglary of a habitation is a second-degree felony. TEX. PENAL CODE ANN. § 30.02(c)(2) (West 2011). The 1998 conviction for attempted burglary of a habitation is a third-degree felony. *See id.* (noting burglary of habitation is second-degree felony); *Id.* § 15.01(d) (West 2011) (stating that "attempted" offense is one punishment category lower than offense). Because both enhancement offenses were felonies, they enhanced the punishment for evading arrest from what would have been a two to 20 year range to a 25 to life range. *Id.* § 12.42(d). As a result, the minimum sentence the trial court could impose—if it did not grant the request for deferred adjudication—was 25 years' confinement. *See Adetomiwa*, 421 S.W.3d at 924–27 (rejecting similar argument by defendant that evading arrest with vehicle was only state-jail felony).

8

The record indicates that this information was conveyed to Whitfield, including through the trial court's admonishments.

Because the trial court imposed a punishment within the range specified in the habitual-felony-offender statute, we conclude that the trial court did not abuse its discretion. *See Ex parte Chavez*, 213 S.W.3d 320, 323 (Tex. Crim. App. 2006).

## Conclusion

We affirm Whitfield's conviction.

                                    Harvey Brown
                                    Justice

Panel consists of Justices Bland, Brown, and Lloyd.

Do not publish.  TEX. R. APP. P. 47.2(b).