In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-19-00195-CR**
_____

**LONNIE WOOTEN JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 356th District Court**
**Hardin County, Texas**
**Trial Cause No. 24922**

**MEMORANDUM OPINION**

In three issues on appeal, Lonnie Wooten Jr. complains that the evidence is legally insufficient for the trial court to enhance his punishment and to sustain his conviction for the state jail felony offense of evading arrest or detention. We affirm the trial court's judgment.

Background

Wooten was charged with the state jail felony offense of evading arrest or detention with a previous conviction. *See* Tex. Penal Code Ann. § 38.04. Prior to

trial, the State filed a notice of its intent to seek an enhanced punishment range of a second-degree felony, alleging that Wooten had two prior felony convictions other than a state jail felony. *See id.* §§ 12.35(a); 12.425(b). In enhancement paragraph one, the State alleged that before the commission of the primary offense, Wooten was convicted on February 27, 1997, of the felony offense of delivery of a controlled substance in cause number 12947 in the 356th Judicial District Court of Hardin County, Texas. In enhancement paragraph two, the State alleged that before the conviction of the primary offense and after the conviction in enhancement paragraph one, Wooten was convicted on June 3, 1999, of the felony offense of escape in cause number 14778 in the 356th Judicial District Court of Hardin County, Texas. In enhancement paragraph three, the State alleged that before the conviction of the primary offense and after the convictions in enhancement paragraphs one and two, Wooten was convicted on November 16, 2011, of the felony offense of evading arrest with prior convictions-enhanced to a second-degree felony punishment in cause number 21168 in the 356th Judicial District Court of Hardin County, Texas.

Wooten filed a motion to dismiss the State's notice of intent to seek enhancement, alleging that the State failed to give proper notice in enhancement paragraphs one and two. According to Wooten, enhancement paragraphs one and two fail to allege which district court the alleged prior was filed in, what degree of felony he was finally convicted of, and whether the previous convictions are

2

properly sequenced. At the request of Wooten's counsel, the trial court carried the motion to dismiss during the trial.

During the guilt-innocence phase of the trial, the State offered a certified copy of a judgment dated February 11, 1999, in which Wooten was convicted of misdemeanor evading arrest in cause number 40159 in the County Court of Hardin County, Texas, and the trial court admitted the judgment without objection. The trial court heard testimony from Deputy John Williams of the Hardin County Sheriff's Department, who testified that on December 31, 2017, he received a report of an alleged assault, and the victim reported that Wooten had assaulted him. Williams testified that Wooten denied the assault allegation, and during his investigation, Williams determined that he needed to detain Wooten for his safety due to Wooten's history of evading. Williams explained that Wooten resisted being handcuffed, and Deputy Bart Bendy used a taser several times to prevent Wooten from running away. Williams testified that Wooten was arrested for evading and resisting arrest.

Deputy Bendy of the Hardin County Sheriff's Department also testified that he detained Wooten while investigating the assault allegation. Bendy explained that when he advised Wooten that he was being handcuffed for his safety and the officers' safety, Wooten resisted, and Bendy had to use his taser several times to get Wooten to comply. The trial court found Wooten guilty of evading with a prior conviction.

3

During the punishment phase, the trial court considered the State's notice to enhance. Defense counsel noted that his objection to the notice of enhancement concerning the degree of the felonies had been cured and the issue was a matter of proof. Lauren Kemp, a criminal investigator with the Jefferson County District Attorney's Office, testified as a fingerprint identification expert. Kemp explained that she took Wooten's fingerprint and compared it with the fingerprints on six prior judgments of conviction, and Kemp determined that Wooten's fingerprint matched the fingerprints on all six judgments. The trial court found all three enhancement paragraphs to be true and sentenced Wooten to six years in prison.

Analysis

We first address issue three, in which Wooten argues that the evidence is legally insufficient to sustain his conviction for a state jail felony. When reviewing the sufficiency of the evidence, we view all the evidence in the light most favorable to the verdict and determine, based on that evidence and any reasonable inferences therefrom, whether any rational factfinder could have found the elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011). Under section 38.04 of the Texas Penal Code, a person commits the offense of evading arrest or detention if he intentionally flees from a person he knows is a peace officer attempting to lawfully arrest or detain him. Tex. Penal Code Ann. § 38.04(a). The offense of

4

evading arrest or detention is a state jail felony if the actor has been previously convicted under section 38.04. *Id.* § 38.04(b)(1)(A).

The indictment alleges that on or about December 31, 2017, Wooten intentionally fled from Deputy John Williams, a person Wooten knew was a peace officer who was attempting to lawfully arrest or detain him, and that prior to the commission of the charged offense, Wooten was convicted of evading arrest under section 38.04 on February 11, 1999, in cause number 40159 in Hardin County, Texas. The State had the two-fold burden to prove beyond a reasonable doubt that Wooten intentionally fled from Deputy Williams, who Wooten knew was a peace officer lawfully attempting to arrest or detain him, and to prove that when Wooten was charged with evading a second time, he had previously been convicted of evading arrest. *See Ex parte Carner*, 364 S.W.3d 896, 900 (Tex. Crim. App. 2012).

Wooten complains that the trial court erred by enhancing the primary offense with the 1999 judgment for evading arrest, because using a Class B misdemeanor under a prior version of the statute to enhance his punishment to a state jail felony violates his right to due process. According to Wooten, the evading statute has been amended several times since its enactment, and the version of the statute that was in effect when he committed the prior offense provided that to enhance a charge to a state jail felony, the actor was required to (1) use a vehicle while in flight and (2) have a previous conviction under the statute. Wooten maintains that using his Class

B misdemeanor under the prior version of the statute is not consistent with the plain reading of the current statute.

Generally, the statute governing an offense is the one in effect when the defendant allegedly committed the offense. *Id.* The existence of a prior conviction for evading arrest is an attendant circumstance to the crime that increases the severity of the offense from a Class A misdemeanor to a state jail felony. *See id.* The relevant question is whether Wooten had a prior conviction for evading arrest. *See id.* at 898. Neither the date of Wooten's prior conviction, the severity of the offense of which he was convicted, nor the fact that the statute has been amended is relevant to whether Wooten has a prior conviction. *See id.* at 897, 900. Interpreting the current version of the statute to mean that the State cannot use a prior conviction for evading arrest that is a Class B misdemeanor to enhance a primary offense to a state jail felony defies the plain language of the statute. *See* Tex. Penal Code Ann. § 38.04(b)(1); *Ex parte Carner*, 364 S.W.3d at 900. Reviewing all the evidence in the light most favorable to the verdict, we conclude that a rational factfinder could have found the elements of the state jail felony offense of evading arrest or detention beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319; *Gear*, 340 S.W.3d at 746; Tex. Penal Code Ann. § 38.04(a). We overrule issue three.

In issues one and two, Wooten argues that the evidence is legally insufficient for the trial court to find enhancement paragraphs one and three to be true and to

6

increase his punishment range to a second-degree felony. In reviewing the sufficiency of the evidence to support a finding that an enhancement allegation is true, we consider all the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have found the elements of the enhancement beyond a reasonable doubt. *Wood v. State*, 486 S.W.3d 583, 589 (Tex. Crim. App. 2016). To prove a prior conviction for enhancement, the State must prove beyond a reasonable doubt that (1) a prior conviction exists and (2) the defendant is linked to that conviction. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). If these two elements can be found beyond a reasonable doubt, the evidence is legally sufficient to prove a prior conviction. *Id.* at 923.

Wooten was charged with the state jail felony offense of evading arrest or detention and faced a punishment range of confinement in a state jail for a term of not more than two years or less than 180 days and up to a $10,000 fine. *See* Tex. Penal Code Ann. §§ 12.35(a), (b), 38.04. However, the range of punishment may be enhanced to the range applicable to a second-degree felony if it is shown that: (1) the defendant has previously been finally convicted of two felonies other than a state jail felony punishable under section 12.35(a); and (2) the second previous felony conviction is for an offense that occurred subsequent to the first conviction having become final. *Id.* § 12.425(b). The punishment range for a felony of the second

degree is imprisonment for a term of not more than twenty years or less than two and a fine not to exceed $10,000. *Id.* § 12.33.

Wooten contends that the judgment introduced to prove enhancement paragraph one does not reflect the degree of the offense, and that the State failed to present any evidence showing that the prior conviction was for a felony offense other than a state fail felony. Enhancement paragraph one alleges that before the commission of the primary offense, Wooten was convicted on February 27, 1997, of the felony offense of delivery of a controlled substance in cause number 12947 in the 356th Judicial District Court of Hardin County, Texas. The trial court admitted a certified copy of the judgment revoking probation in cause number 12947, which identified Wooten by name and bears his right thumbprint, and Kemp testified that the fingerprint she took from Wooten matched the fingerprint on the judgment. The judgment indicates that (1) the offense of delivery of a controlled substance was committed on or about January 22, 1993, (2) the degree of the offense was "481.123[,]" (3) the original punishment was ten years of unadjudicated probation, (4) Wooten was placed on probation on January 27, 1994, and (5) the trial court revoked Wooten's probation on February 27, 1997, and sentenced Wooten to five years of confinement.

We note the Pre/Post Sentence Investigation Report includes the drug offense committed on January 22, 1993, and it indicates that the degree of the charge was an

8

unclassified felony. The Texas Code of Criminal Procedure authorizes the trial court to order and consider a presentence report when the trial court assesses punishment. Tex. Code Crim. Proc. Ann. art. 37.07, § 3(d). A judge may take judicial notice of his own file and thus, unobjected-to facts contained within a presentence report can be judicially noticed and considered evidentiary when assessing punishment. *See Montgomery v. State*, 876 S.W.2d 414, 416 (Tex. App.—Austin 1994, pet. ref'd) (stating that unobjected-to contents of presentence report constitute record evidence and are sufficient to establish defendant's prior convictions for enhancement purposes). The trial court offered the parties the opportunity to object to the factual accuracy of the report, and defense counsel did not object to the drug offense committed on January 22, 1993, as being an unclassified felony.

Although Wooten asserts that the evidence is legally insufficient because the State failed to introduce evidence that the offense of delivery of a controlled substance was a felony other than a state jail felony, the state jail felony punishment classification was not statutorily authorized until September 1, 1994. *See* Act of June 19, 1993, 73rd Leg., R.S., ch. 900, § 1.01, sec. 12.35, 1993 Tex. Gen. Laws 3586, 3644 (current version at Tex. Penal Code Ann. § 12.35); *State v. Wooldridge*, 237 S.W.3d 714, 716 (Tex. Crim. App. 2007). Because Wooten committed the offense before the effective date of the state jail felony punishment classification, we conclude that the offense could not have been a state jail felony. Viewing the record

in the light most favorable to the finding, a rational finder of fact could conclude beyond a reasonable doubt that enhancement paragraph one is true. *See Wood*, 486 S.W.3d at 589; *Flowers*, 220 S.W.3d at 921.

Wooten also complains that the trial court erred by using the judgment of conviction for a state jail felony introduced to prove enhancement paragraph three, because the punishment for the state jail felony was enhanced with two prior felony convictions. According to Wooten, a punishment enhancement of the primary offense did not increase the primary offense to a second-degree felony. We note that the trial court found all three enhancement paragraphs to be true, and Wooten's range of punishment may be enhanced to the range applicable to a second-degree felony if it is shown that he has been finally convicted of two felonies other than a state jail felony punishable under section 12.35(a). *See* Tex. Penal Code Ann. §§ 12.35; 12.425(b). Wooten does not complain that the evidence is legally insufficient for the trial court to find enhancement paragraph two to be true, which alleged that before the conviction of the primary offense and after the conviction in enhancement paragraph one, Wooten was convicted of the felony offense of escape. Because Wooten has failed to allege any error concerning enhancement paragraph two and we have already concluded that the evidence is sufficient to support the trial court's finding that enhancement paragraph one is true, we need not consider Wooten's complaints about enhancement paragraph three. The trial court only had to find that

Wooten had been finally convicted of two felonies to enhance his punishment to the range applicable to a second-degree felony. *See* Tex. Penal Code Ann. 12.425(b); Tex. R. App. P. 47.1.

We conclude the evidence is legally sufficient to support the trial court's findings that enhancement paragraphs one and two are true. *See Wood*, 486 S.W.3d at 589; *Flowers*, 220 S.W.3d at 921. Accordingly, we overrule issues one and two. Having overruled each of Wooten's issues, we affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on April 17, 2020
Opinion Delivered September 30, 2020
Do Not Publish

Before McKeithen, C.J., Kreger and Johnson, JJ.