# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 24-10220

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

November 13, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Ignacio Leyva-Frayre,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CR-338-1

———————————————————————

Before Jones, Barksdale, and Ho, *Circuit Judges*.

Edith H. Jones, *Circuit Judge*:[*]

   Appellant Ignacio Leyva-Frayre challenges the application of U.S.S.G. § 2L1.2(b)(3) to a felony conviction after he reentered the United States.  Because the criminal conduct underlying the conviction occurred after he was first removed from the United States, the sentencing enhancement was properly applied.  We AFFIRM.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-10220

## I. Background

The facts underlying this appeal are not contested. Ignacio Leyva-Frayre ("Appellant") pled guilty to three separate instances of driving while intoxicated ("DWI") in December 2004, May 2014, and May 2021. In Texas, the third DWI is a felony. Tx. Penal Code § 49.09(b)(2). Appellant, who is a citizen of Mexico, was subsequently ordered removed from the United States on July 14, 2021. Roughly one year later, on July 1, 2022, he was arrested and charged with yet another DWI in Texas, to which he again pled guilty and was sentenced to 3 years imprisonment. Appellant was also charged with and pled guilty to illegal reentry after removal, in violation of 8 U.S.C. § 1326(a).

At sentencing, the district court adopted the Presentence Report's recommendation of two separate level enhancements for Appellant's prior DWI convictions, pursuant to U.S.S.G. §§ 2L1.2(b)(2)(B) and (b)(3)(B). U.S.S.G. § 2L1.2 states, in part:

> (b)(2) If, before the defendant was ordered deported or ordered removed from the United States for the first time, the defendant engaged in criminal conduct that, at any time, resulted in—
>
> (B) a conviction for a felony offense (other than an illegal reentry offense) for which the sentence imposed was two years or more, increase by 8 levels[.]
>
> (b)(3) If, after the defendant was ordered deported or ordered removed from the United States for the first time, the defendant engaged in criminal conduct that, at any time, resulted in—
>
> (B) a conviction for a felony offense (other than an illegal reentry offense) for which the sentence imposed was two years or more, increase by 8 levels[.]

No. 24-10220

The first enhancement, for the 2021 felony DWI before Appellant's removal, increased the offense level by eight. *See* U.S.S.G. § 2L1.2(b)(2)(B). The second enhancement, for the 2022 felony DWI after Appellant's illegal reentry, added another eight levels. *See* U.S.S.G. § 2L1.2(b)(3)(B). After reductions for acceptance of responsibility, the district court calculated an offense level of twenty-one, with a recommended sentencing range of fifty-seven to seventy-one months. Ultimately, Appellant was sentenced to thirty-seven months imprisonment, after a twenty-month credit for time-served in state custody.

On appeal, Appellant challenges the application of the second eight-level enhancement.[1]

## II. Standard of Review

This court reviews a "district court's interpretation of the Sentencing Guidelines *de novo* and its factual findings for clear error." *United States v. Kelley*, 40 F.4th 276, 282 (5th Cir. 2022) (quoting *United States v. Barry*, 978 F.3d 214, 217 (5th Cir. 2020)).

## III. Discussion

As noted above, the sentencing guidelines provide for separate level enhancements for criminal conduct that resulted in a felony conviction before an individual is first removed and after he is removed. U.S.S.G. §§ 2L1.2(b)(2), (3). The Commission's commentary to this provision counsels that, when "the criminal conduct underlying a prior conviction

---

[1] Appellant also argues that the recidivism enhancement in 8 U.S.C. § 1326(b)(1), under which the maximum term of imprisonment is 10 years, is an unconstitutional violation of his due process rights and his Sixth Amendment right to a jury trial. This argument, as Appellant concedes, is foreclosed by the Supreme Court's decision in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).

occurred both before and after" removal, the conviction should count "only under subsection (b)(2)" for enhancement purposes. *Id.* cmt. n.5 ("Application Note Five"). Appellant relies on Application Note Five in challenging the sentencing enhancement for his post-removal conviction.

Specifically, he contends that, absent the prior DWI convictions from *before* his removal, he could not have been convicted of a felony DWI *after* his removal. In other words, because his fourth DWI would not have been a felony under Texas law without at least two prior DWIs, the 2004, 2014, and 2021 DWIs are all "underlying criminal conduct" of his 2022 felony DWI. According to Application Note Five, then, it should be counted under (b)(2) because the criminal conduct underlying the post-removal conviction occurred both before and after his removal. *See* U.S.S.G. §§ 2L1.2; *Id.* cmt. n.5. This argument, however, fails as a textual matter and is inconsistent with the intended scope of Application Note Five.

While it may be true that the prior DWI convictions are "elements" of the 2022 felony DWI, "elements" of an offense and "criminal conduct" are not one and the same. *See Alleyne v. United States*, 570 U.S. 99, 02, 133 S. Ct. 1251, 1255 (2013) ("[A]ny fact that, by law, increases the penalty for a crime in an 'element' that must be submitted to the jury . . . ."). The elements of an offense may include prohibited conduct, a requisite *mens rea*, the result of that conduct, or other attendant circumstances. *See* Model Penal Code § 1.13(9) (defining "element of an offense" as (1) conduct; (2) attendant circumstances; or (3) the results of the conduct); *see also* 1 W. LaFave, *Substantive Criminal Law* § 1.8(b) n.14 (3d ed. 2018) ("[T]he elements of a crime are its requisite (a) conduct (act or omission to act) and (b) mental fault (except for strict liability crimes)—plus, often, (c) specified attendant circumstances, and, sometimes, (d) a specified result of the conduct.").

Here, the "criminal conduct" of Appellant's 2022 felony DWI was operating a vehicle while intoxicated. The 2004, 2014, and 2021 DWIs were "attendant circumstances" of the 2022 DWI, indicating whether the prohibited conduct rose to the level of a felony. *See, e.g. Ex Parte Carner*, 364 S.W.3d 896, 898 (Tex. Crim. App. 2012) (defining "attendant circumstances" as "fact[s] that [are] situationally relevant to a particular event or occurrence"). While these prior convictions are therefore an "element" of the felony DWI, it is simply the *existence* of those convictions that constitutes an element of the offense, regardless of when they occurred. *See* Tx. Penal Code § 49.09(b)(2).

Further, the history of the very provision that Appellant relies on cuts against his position. Section 2L1.2 was amended in 2018 to address "two application issues" that arose after an "extensive[]" 2016 amendment to the provision. U.S. Sent'g Guidelines Manual, Supp. App. C, Amend. 809, p. 189 (U.S. Sent'g Comm'n 2018). Prior to the amendment, the 2016 guidelines provided level enhancements for "convictions" before removal and "criminal conduct resulting in a conviction" after removal. *Id.* at 188–89. This left a gap, because criminal conduct that was *entirely* pre-removal but resulted in a post-removal conviction escaped enhancement all together. *See id.* To address this issue, the Commission amended § 2L1.2 to apply to "criminal conduct" that, "at any time," results in a conviction. *Id.* Application Note Five was added to "explain that such convictions are only counted *once*," rather than counting the pre-removal conduct as one enhancement and any subsequent post-removal conduct or conviction as a separate enhancement. *Id.* (emphasis added).

Consider a hypothetical scenario where Appellant was arrested for a DWI before he was removed, and only convicted and sentenced after he reentered the United States. This scenario is precisely what the Commission amended §2L1.2 to address, and would fall squarely within (b)(2) of the

amended guidelines as criminal conduct before removal that resulted in a conviction after reentry. U.S.S.G. § 2L1.2. Next, consider a hypothetical fraud scheme, with equal amounts of criminal conduct occurring both before and after removal, and the defendant is ultimately convicted after reentry. In this second hypothetical, Application Note Five comes into play. Application Note Five simply ensures that the sentencing court does not separately count the pre-removal conduct under (b)(2) *and* the post-removal conduct and conviction under (b)(3), in light of the expansive language used to capture the first hypothetical. *Id.* Appellant's 2022 felony falls within neither of these scenarios, and was appropriately categorized under (b)(3) as criminal conduct resulting in a felony conviction after Appellant's removal. *Id.*

## IV. Conclusion

Appellant was first removed from the United States in July 2021, and only after he reentered was he arrested, charged, convicted, and sentenced for felony DWI in July 2022. Both the text and the history surrounding U.S.S.G. § 2L1.2(b)'s current framework confirm categorizing this as criminal conduct that resulted in a felony conviction after Appellant's removal for sentencing enhancement purposes. Accordingly, we AFFIRM.